**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) ZEECO, INC.**, an Oklahoma corporation, | |
| Plaintiff, | Case No. |
| v. | |
| **(1) JPMORGAN CHASE BANK**, National Association, | State Case No. CJ-2016-1440 District Court of Tulsa County |
| Defendant. | |

FILED

JUN 3 0 2017

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

**17 CV  384 JED - FHM**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") hereby removes this action from the District Court of Tulsa County, Oklahoma, where it was filed as Case No. CJ-2016-1440, to the United States District Court for the Northern District of Oklahoma. As the grounds for removal, JPMorgan states as follows:

**Procedural History**

1.   On October 26, 2016, Plaintiff Zeeco, Inc. ("Zeeco") commenced an action against Defendant JPMorgan in the District Court of Tulsa County, in the State of Oklahoma, titled *Zeeco, Inc. v. JPMorgan Chase Bank, N.A.*, Case No. CJ-2016-1440 (the "State Court Action").

2.   JPMorgan was served with a copy of the Summons and First Amended Verified Petition and Claim for Restitution on June 20, 2017.

3.   Pursuant to 28 U.S.C. § 1446(a) and Local Rule LCvR 81.2, JPMorgan has attached as exhibits to this Notice of Removal true and legible copies of all documents filed or served in the State Court Action. A copy of the Docket Sheet from the State Court Action is attached as Exhibit 1. Copies of all other pleadings filed in the State Court Action are attached as follows:

Exhibit 2:    Verified Petition for Injunctive Relief, filed October 26, 2016

Exhibit 3:    Motion for Emergency Injunctive Relief, filed October 26, 2016

Exhibit 4:    Temporary Restraining Order, entered and filed October 26, 2016

{1708804;}

Exhibit 5:    Motion to Extend Time for Obtaining Service and Potential Amendments, filed April 18, 2017

Exhibit 6:    Order (granting Motion to Extend Time for Obtaining Service and Potential Amendments), filed April 18, 2017

Exhibit 7:    Entry of Appearance of Counsel (James P. McCann), filed June 20, 2017

Exhibit 8:    Entry of Appearance of Counsel (Jeffrey D. Dunn), filed June 20, 2017

Exhibit 9:    Order Admitting to Practice, filed June 20, 2017

Exhibit 10:   Application to Withdraw as Counsel for Plaintiff, Zeeco, Inc. (Whitney M. Eschenheimer), filed June 20, 2017

Exhibit 11:   Order Permitting Withdrawal of Whitney M. Eschenheimer as Counsel, filed June 20, 2017

Exhibit 12:   Original Alias Summons, issued June 20, 2017

Exhibit 13:   First Amended Verified Petition and Claim for Restitution, filed June 20, 2017

Exhibit 14:   Motion to Associate Counsel, filed June 20, 2017

Exhibit 15:   Application for Civil Indirect Contempt Citation Against JPMorgan Chase Bank, N.A., and Authorities in Support, filed June 20, 2017

Exhibit 16:   Order Directing Defendant JPMorgan Chase Bank, N.A. to Appear for Proceedings for Indirect Contempt of This Court's Temporary Restraining Order, filed June 20, 2017

We are advised by counsel for Zeeco that Exhibit 16 sets a hearing at 11:00 a.m. on July 18, 2017, in the nature of a preliminary hearing where the Court will establish a schedule for discovery, briefing, and trial (not a full-blown hearing on the application for contempt citation). At the time of filing this Notice of Removal there were no other filings or proceedings in the State Court Action except those noted and attached as set forth above. In accordance with LCvR 81.2, an extra copy of the Application for Civil Indirect Contempt Citation (Exhibit 15) has been provided to this Court with this filing, and JPMorgan will file a Status Report on Removed Action on the form provided by the Clerk of this Court.

### Diversity of Citizenship

4.    This Court has original jurisdiction of the State Court Action under 28 U.S.C. § 1332. Zeeco is an Oklahoma corporation with its principal place of business in Oklahoma (Verified

Petition ¶ 1). JPMorgan is a national banking association; JPMorgan's main office, as set forth in its articles of association, is in Columbus, Ohio, and it is therefore deemed a citizen of Ohio for diversity purposes.[1] *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).

## Amount in Controversy

5.    Zeeco alleges that, as a result of JPMorgan's actions complained of in the First Amended Verified Petition, Zeeco "lost in excess of $1,500,000," a sum in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.    (First Amended Verified Petition, ¶ 31).

## Venue and Notice

6.    Venue is appropriate in this Court, as this Court embraces the district in which the State Court Action was pending.

7.    Written notice of the filing of this Notice of Removal will be given promptly to counsel for Zeeco and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Tulsa County, Oklahoma, as required by 28 U.S.C. § 1446(d).

## Conclusion

8.    This is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332. For these reasons, JPMorgan may remove the State Court Action to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

---

[1] *See* the following link:
https://www.ffiec.gov/nicpubweb/nicweb/InstitutionProfile.aspx?parID_Rssd=852218&parDT_END=999 91231

9.  JPMorgan has filed this Notice of Removal with this Court within 30 days after the receipt by JPMorgan of the summons and pleading setting forth the claims for relief upon which this action is based.

10.  Accordingly, JPMorgan asks that the above action now pending against it in the District Court for Tulsa County, State of Oklahoma be removed to this Court.

DATED:  June 30, 2017                                  Respectfully submitted,

John Henry Rule, OBA No. 7824
GableGotwals
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4217
jrule@gablelaw.com
(918) 595-4800 (telephone)
(918) 595-4990 (fax)

**COUNSEL FOR DEFENDANT,
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017, I served the foregoing document by

☒ U.S. Postal Service   ☐ In Person Delivery   ☐ Courier Service   ☒ E-Mail   ☐ Fax

on the following counsel for Zeeco:

James P. McCann
McDonald, McCann, Metcalf & Carwile, LLLP
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103

Jeffrey D. Dunn
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201

_____
John Henry Rule

Exhibit 1



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

ZEECO INC,
    Plaintiff,

v.

JP MORGAN CHASE BANK NA,
    Defendant.

No. CV-2016-1440
(Civil Misc.: INJUNCTION / RESTRAINING ORDER)

Filed: 10/26/2016

Judge: Nightingale, Rebecca B.

## PARTIES

JP MORGAN CHASE BANK NA, Defendant
ZEECO INC, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| DUNN, JEFFREY R | ZEECO INC, |
| MCCANN, JAMES P (Bar #5865)<br>FIRST PLACE TOWER<br>15 EAST 5TH STREET<br>SUITE 1400<br>TULSA, OK 74103 | ZEECO INC, |

## EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

| Issue # 1. | Issue: INJUNCTION / RESTRAINING ORDER (INJUNCT)<br>Filed By: ZEECO INC<br>Filed Date: 10/26/2016 |

| Party Name | Disposition Information |
|---|---|
| **Defendant:**<br>JP MORGAN CHASE BANK NA | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 10-26-2016 | TEXT | CIVIL MISC. INITIAL FILING. | 1 | | |
| 10-26-2016 | INJUNCT | INJUNCTION / RESTRAINING ORDER | | | |
| 10-26-2016 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 10-26-2016 | PFE1 | PETITION<br>Document Available (#1034604575) 📄TIFF<br>📄PDF | | | $ 85.00 |
| 10-26-2016 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 10-26-2016 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 10-26-2016 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 10-26-2016 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 10-26-2016 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 10-26-2016 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 10-26-2016 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 10-26-2016 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 10-26-2016 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 10-26-2016 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 10-26-2016 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 10-26-2016 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 10-26-2016 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 10-26-2016 | SMF | SUMMONS FEE (CLERKS FEE)-2 | | | $ 20.00 |
| 10-26-2016 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 10-26-2016 | CTFREE | NIGHTINGALE, REBECCA BRETT: TEMPORARY RESTRAINING ORDER ENTERED. PLAINTIFF'S MOTION FOR EX PARTE RESTRAINING ORDER IS GRANTED. | | | |
| 10-26-2016 | MO | MOTION FOR ENERGENCY INJUNCTIVE RELIEF Document Available (#1034951328) 📄TIFF 📄PDF | | ZEECO INC | |
| 10-26-2016 | O | TEMPORARY RESTRAINING ORDER Document Available (#1034951324) 📄TIFF 📄PDF | | | |
| 10-26-2016 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE NIGHTINGALE, REBECCA B. TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 10-26-2016 | ACCOUNT | RECEIPT # 2016-3436976 ON 10/26/2016. PAYOR: JOHNSON & JONES PC TOTAL AMOUNT PAID: $ 174.14. LINE ITEMS: CV-2016-1440: $105.00 ON AC01 CLERK FEES. CV-2016-1440: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CV-2016-1440: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CV-2016-1440: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CV-2016-1440: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CV-2016-1440: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CV-2016-1440: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CV-2016-1440: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CV-2016-1440: $25.00 ON AC79 OCIS REVOLVING FUND. CV-2016-1440: $10.00 ON AC81 LENGTHY TRIAL FUND. CV-2016-1440: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 04-18-2017 | CTFREE | NIGHTINGALE, REBECCA BRETT: ORDER ENTERED GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR OBTAINING SERVICE AND POTENTIAL AMENDMENTS. PLAINTIFF SHALL HAVE UNTIL JUNE 23, 2017 WITHIN WHICH TO OBTAIN SERVICE ON THE DEFENDANT AND TO AMEND ITS PLEADINGS. | | | |
| 04-18-2017 | O | ORDER / SEE ABOVE ENTRY Document Available (#1036648944) 📄TIFF 📄PDF | | | |
| 04-18-2017 | MO | MOTION TO EXTEND TIME FOR OBTAINING SERVICE AND POTENTIAL AMENDMENTS Document Available (#1036648771) 📄TIFF 📄PDF | | ZEECO INC | |
| 06-20-2017 | SMF | SUMMONS FEE-3 | | | $ 30.00 |
| 06-20-2017 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY-3 | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 06-20-2017 | O | ORDER PERMITTING WITHDRAWAL OF WHITNEY M ESCHENHEIMER AS COUNSEL<br>Document Unavailable (#1037237703) | | | |
| 06-20-2017 | O | ORDER ADMITTING TO PRACTICE<br>Document Unavailable (#1037237707) | | | |
| 06-20-2017 | O | ORDER DIRECTING DEFENDANT JP MORGAN CHASE BANK NA TO APPEAR FOR PROCEEDINGS FOR INDIRECT CONTEMPT OF THIS COURT'S TEMPORARY RESTRAINING ORDER<br>Document Unavailable (#1037237711) | | | |
| 06-20-2017 | EAA | ENTRY OF APPEARANCE OF COUNSEL / COVER SHEET<br>Document Unavailable (#1037238071) | | ZEECO INC | |
| 06-20-2017 | EAA | ENTRY OF APPEARANCE OF COUNSEL<br>Document Unavailable (#1037238067) | | ZEECO INC | |
| 06-20-2017 | APLI | APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFF, ZEECO INC / A2J<br>Document Unavailable (#1037238063) | | ZEECO INC | |
| 06-20-2017 | APLI | APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ZEECO INC<br>Document Unavailable (#1037238059) | | ZEECO INC | |
| 06-20-2017 | APLI | APPLICATION FOR CIVIL INDIRECT CONTEMPT CITATION AGAINST JP MORGAN CHASE BANK NA AND AUTHORITIES IN SUPPORT<br>Document Unavailable (#1037238055) | | ZEECO INC | |
| 06-20-2017 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Unavailable (#1037238051) | | ZEECO INC | |
| 06-20-2017 | AM | FIRST AMENDED VERIFIED PETITION AND CLAIM FOR RESTITUTION<br>Document Unavailable (#1037238047) | | ZEECO INC | |
| 06-20-2017 | ACCOUNT | RECEIPT # 2017-3583996 ON 06/20/2017.<br>PAYOR: MCDONALD MCCANN TOTAL AMOUNT PAID: $ 30.00.<br>LINE ITEMS:<br>CV-2016-1440: $30.00 ON AC01 CLERK FEES. | | | |

**Exhibit 2**

*1034604575*

DISTRICT COURT
**F I L E D**

**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**

OCT 2 6 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

Zeeco, Inc. an Oklahoma Corporation,       )
                                           )
                        Plaintiff,         )
                                           )
v.                                         )   **CV-2016-01440**
                                           )
JP Morgan Chase Bank, NA                   )   Rebecca Brett Nightingale
                                           )
                        Defendant.         )
                                           )

**VERIFIED PETITION FOR INJUNCTIVE RELIEF**

Plaintiff, Zeeco, Inc. ("Zeeco") for its Petition for injunctive relief and states the following causes of action against Defendant, JPMorgan Chase Bank, NA ("JPMorgan") and alleges as follows:

**INTRODUCTION**

This is an action for injunctive relief and other relief based on the potential irreparable harm to Zeeco to be caused by JPMorgan's intent to honor a fraudulent claim and financial draw on a Letter of Credit/Bank Guarantees issued by JPMorgan to Fernas Construction India Pvt Ltd ("Fernas") pursuant to a Credit Agreement between Zeeco and JPMorgan, and JPMorgan has announced its intention to honor Fernas's fraudulent claim.

**THE PARTIES AND JURISDICTION**

1. Zeeco, Inc. is an Oklahoma corporation with its principal place of business in Wagoner County, Oklahoma.

2. JPMorgan Chase Bank, NA conducts business in Tulsa County, Oklahoma.

2016 OCT 26 PM 4:54

1

3. Zeeco and JPMorgan are parties to a Fourth Amended and Restated Credit ("Credit Agreement") made in and effectuated in Tulsa County.

4. All acts and omissions related to the formation of the Credit Agreement took place in Tulsa County.

5. The Credit Agreement contains a choice of forum clause designating Tulsa County District Court for any disputes.

## MATERIAL FACTS

6. Zeeco contracted to perform work for Fernas to supply and install a flare system at ONGC Petro Additions, Ltd. ("OPAL").(Affidavit of John McDermott, Exhibit 1, ¶ 2 ).

7. As part of the transaction between Zeeco and Fernas, JPMorgan issued Bank Guarantees pursuant to the Credit Agreement to Fernas Construction India Pvt. Ltd. "Fernas"). (Affidavit of John McDermott, Exhibit 1, ¶ 8).

8. As part of the Opal project, Zeeco authorized Bank Guarantees, pursuant to the Credit Agreement, to be issued by JPMorgan in an amount totaling approximately USD $1,500,000 on the project. (Affidavit of John McDermott, Exhibit 1, ¶ 8).

9. OPAL was the end user of the Zeeco and Fernas flare system installation contract. (Affidavit of John McDermott, Exhibit 1, ¶ 2).

10. Zeeco performed all related work to the satisfaction OPAL. (Affidavit of John McDermott, Exhibit 1, ¶ 9 ).

11. A Certificate of Completion was issued by OPAL on April 28, 2016.  (Certificate of Completion, Ex. 2).

12. Despite the Certificate of Completion and no valid claim, Fernas has made demand for payment under the Bank Guarantees. (Affidavit of John McDermott, Exhibit 1, ¶ 9).

13. Fernas is in financial duress and seeking fraudulent payment from JPMorgan due to its financial woes, regardless of the validity of the claim against the funds of Zeeco. (Affidavit of John McDermott, Exhibit 1, ¶¶ 3, 4 and 10).

14. Fernas has been threatening and demanding that JPMorgan pay a fraudulent claim at JPMorgan's Indian location over the last 48 hours. (Affidavit of John McDermott, Exhibit 1, ¶ 9).

15. JPMorgan has declared it intends to honor the fraudulent claim against the Bank Guarantees unless a Court order is issued restraining and enjoining JPMorgan from honoring the claim and making payment. (Affidavit of John McDermott, Exhibit 1, ¶9).

16. Zeeco has demanded that the warranty claim and demand for payment by withdrawn by Fernas.

17. Zeeco has made reasonable efforts to notify JPMorgan of the fraudulent nature of the claim.

18. Once JPMorgan honors the fraudulent claim with payment, the funds will be released to Fernas in India and the Court will lose jurisdiction over the funds and the money will be forever lost. (Affidavit of John McDermott, Exhibit 1, ¶ 11)

19. India begins observing a lengthy national holiday and the Courts in India will close for a substantial period of time.

20. Zeeco stands to lose USD $1,500,000 in unrecoverable funds if JPMorgan honors the fraudulent claim of Fernas. . (Affidavit of John McDermott, Exhibit 1, ¶11).

21. JPMorgan will be wrongfully honoring a fraudulent claim from Fernas if the draw on the Bank Guarantees is paid. (Affidavit of John McDermott, Exhibit 1, ¶11).

3

22. Zeeco has undertaken reasonable efforts under the circumstances to notify the parties that the claim is fraudulent. . (Affidavit of John McDermott, Exhibit 1, ¶9).

23. Upon information and belief, JPMorgan does not seek or intend to be a party to the fraud of Fernas, but intends to honor its competing contractual obligations under the Bank Guarantees.

COUNT I

AVOIDANCE OF BREACH OF FIDUCIARY DUTY AND /OR
CONVERSION OF FUNDS

24. Zeeco incorporates by reference Paragraphs 1 through 23 of this Petition.

25. The Credit Agreement creates a common law fiduciary relationship between JPMorgan and Zeeco.

26. JPMorgan has fiduciary obligations to Zeeco not to misuse, convert or wrongfully release Zeeco's funds.

27. JPMorgan has a fiduciary obligation to avoid paying or honoring known fraudulent claims from Fernas or any other party.

28. JPMorgan is legally obligated to deny any known fraudulent claim from Fernas.

29. JPMorgan has stated it intends to pay the Fernas claim, unless legally ordered not to make payment.

30. Payment by JPMorgan will create irreparable harm to Zeeco for which there will no longer be an adequate remedy at law once the funds have been released.

31. JPMorgan has stated it will pay the fraudulent claim of Fernas, to Zeeco's irreparable detriment, if an emergency temporary restraining order is not entered.

4

## COUNT II

### ANTICIPATED MISAPPROPRIATION OF FUNDS

32. Zeeco incorporates by reference Paragraphs 1 through 31 of this Petition.

33. JPMorgan has indicated it intends to misappropriate the funds of Zeeco to honor a fraudulent claim of Fernas.

34. Defendant's intentions violate JPMorgan's fiduciary obligations to Zeeco.

35. Upon information and belief, JPMorgan is using or preparing to release the funds tonight.

36. Any payment by JPMorgan on Fernas' demand would be a misappropriation of Zeeco's funds as set forth above and will result in irreparable harm to Zeeco.

37. Zeeco is entitled to all available equitable remedies including temporary, preliminary and permanent injunctive relief (with a temporary restraining order), costs, and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Zeeco respectfully asks that this Court enter judgment in its favor and against JPMorgan as follows:

(1)    Enforcing prospectively the fiduciary obligations at common law between Zeeco and JPMorgan;

(2)    Ordering JPMorgan to withhold any payment to Fernas on the Bank Guarantees;

(3)    Imposing a temporary restraining order against JPMorgan to avoid any future violations of the fiduciary obligations between Zeeco and JPMorgan on any claim or demand by Fernas;

5

(4)     Entering a permanent injunction against JPMorgan on any future violations of the fiduciary obligations between Zeeco and JPMorgan on any claim or demand by Fernas;

(5)     Directing JPMorgan to advise and direct its Indian affiliates of JPMorgan not to pay Fernas' demand on the Bank Guarantees;

(6)     Awarding attorneys' fees; and

(7)     Any other relief to which Zeeco may be entitled.

Respectfully submitted,

JOHNSON & JONES, P.C.

Whitney M. Eschenheimer, OBA No. 17025
Two Warren Place
6120 South Yale Avenue, Suite 500
Tulsa, Oklahoma 74136
Phone: (918) 584-6644
Direct: (918) 382-4320
Fax: (888) 789-0940

## AFFIDAVIT OF JOHN MCDERMOTT

I, John McDermott, after first having been duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

1.      I am the Chief Financial Officer of Zeeco, Inc., 22151 East 91st Street, Broken Arrow, Oklahoma, 74014, U.S.A. ("Zeeco"), and have served in this role for more than ten years.

2.      I have personal knowledge of the contract between FERNAS Construction India Private Limited ("FERNAS") and Zeeco, as recorded in the Purchase Order No. 43000868 dated July 4, 2012, issued by FERNAS (the "Contract") for the manufacture and sale of industrial equipment to be installed at a project in Gujarat, India owned and operated by ONGC Petro-additions Limited ("OPaL").

3.      The Contract required that FERNAS pay Zeeco upon Zeeco's completion of certain milestones in the work.

3.      Zeeco experienced significant delays in receiving payments from FERNAS under the Contract.

4.      For example, FERNAS delayed payment to Zeeco upon Zeeco reaching the second milestone under the Contract for 10% of the Contract price due upon approval of drawings and documentation. This milestone was invoiced October 31, 2012, under payment terms of net-30 days with payment by wire transfer. However, FERNAS significantly delayed payment and ultimately paid Zeeco in three installments over the period of March 13, 2013, through May 7, 2013. In my opinion, this is indicative of significant financial stress being placed on FERNAS.

5.      Similar delays in receipt of payments from FERNAS occurred on the third milestone for 5% of the Contract price due upon receipt of raw materials. This was invoiced by Zeeco on May 21, 2013, but payment was not received until August 19, 2013. Again, in my opinion, this is indicative of significant financial stress being placed on FERNAS.

6.      Payments for the fourth milestone were further delayed due to known financial problems at FERNAS. Ultimately, Zeeco was informed in 2015 that FERNAS was unable to pay Zeeco and was unable to continue the Contract. OPaL then agreed to assume responsibility for paying Zeeco. It was well known that FERNAS was experiencing significant financial stress and was unable to pay its contractors, including Zeeco, on this project.

7.      OPaL required Zeeco's equipment for the project, and therefore, starting in October 2015, all milestone payments were received directly from OPAL due to the inability of FERNAS to perform its financial obligations under the Contract.

8.      Per the requirements of the Contract, several bank guarantees totaling approximately USD $1,500,000.00 were issued by JPMorgan Chase Bank, N.A. – Mumbai Branch to FERNAS (the "Bank Guarantees"). As security for these Bank Guarantees, Zeeco caused JPMorgan Chase Bank, N.A. in the U.S.A. to issue letters of credit to JPMorgan Chase Bank, N.A. – Mumbai Branch in the same amounts of the Bank Guarantees under Zeeco's credit facility with JPMorgan Chase Bank, N.A.

9.      FERNAS has made demand for payment under Bank Guarantees. However, the project has long been completed and accepted by OPaL. FERNAS has refused to release the Bank Guarantees, and instead, has consistently threatened that it would draw on the Bank Guarantees if they were not extended

1

Ex. 1

by Zeeco. Despite requests from OPaL and Zeeco, FERNAS has failed to provide any contractual justification for refusing to release the Bank Guarantees, nor for the extensions demanded and it is my professional opinion that the current attempted draw on the Bank Guarantees is fraudulent and is intended solely to steal money to which FERNAS is not entitled.

10.     FERNAS has wound down its operations in India with only a minimal administrative staff remaining. The office in India is not listed under its list of global locations on its parent company's website. To the best of my knowledge and belief, FERNAS has no commercial activity in India at present.

11.     Based upon the facts stated in this Affidavit, it is my professional opinion that Zeeco is in imminent danger of losing approximately USD $1,500,000.00 due to a fraudulent draw on the Bank Guarantees by FERNAS, and that Zeeco will have no adequate remedy at law because FERNAS has ceased operations in India, is the subject of significant financial stress or is illiquid, and that any legal action against FERNAS would be meaningless with Zeeco having no means of monetary recovery.

12.     JPMorgan Chase Bank, N.A. verbally told Zeeco that it intends to pay the Bank Guarantees the morning of October 27, 2016, Mumbai time, which is the evening of October 26, 2016 US Central Time, in the absence of a court order preventing such payment.

Dated: October 26, 2016

By: _____
    John McDermott, CFO
    Zeeco, Inc.

STATE OF OKLAHOMA     )
                      ) SS.
COUNTY OF TULSA       )

This Affidavit was acknowledged before me on October 26, 2016, by John McDermott as the Chief Financial Officer of Zeeco, Inc., an Oklahoma corporation.

Commission Number:          14007973
My Commission Expires:      08 September 2018

_____
Mandy Dareing
Notary Public

MANDY R. DAREING
Notary Public
State of Oklahoma
Commission # 14007973
My Commission Expires Sep 8, 2018

2



**ONGC Petro-additions Limited**

1st Floor, OMKARA Complex, Saí Chowkdi, Manjalpur, Vadodara - 390011

Phone: 0265-6192600, Fax No: 0265-6192666

## MECHANICAL COMPLETION & COMMISSIONING CERTIFICATE

| | | |
|---|---|---|
| Project | : | **ONGC PETRO ADDITIONS LTD.** Dahej, Gujarat, India. |
| PMC | : | **ENGINEERS INDIA LIMITED** |
| Name of Work | : | **Demountable Flare system** |
| Scope of Work | : | **Engineering, Procurement, Erection and commissioning** |
| Installation Details | : | **Derrick Structure     - 110 Meters Height** |
| | | Flare stack of 120 Meters Height for the following services |
| | | DFCU + AU  FLARE, 80" NB            01 NO |
| | | POLYMERIC FLARE, 54" NB            01 NO |

This is to mention that M/s. ZEECO INC, USA & M/s ZEECO INDIA Pvt Ltd, Mumbai as EPC contractor has designed and installed Demountable Flare system for OPAL, with the following:

➢ Contract through M/s. Fernas Construction India Pvt Ltd
  LOI No. FCIPL/PRC/EPC-01/OPAL A/0/249 – 248, Dated, 04.07.2012.
  PO No. 43000868 Dtd: 04.07.12 – US Supply Portion
  PO No. 43000866 Dtd. 04.07.12 – Indigenous Supply Portion
  PO No. 43000648 Dtd. 04.07.16 – Erection & Commissioning Portion

➢ As per Design Engineering package, Specifications, codes, standards and approved drawings.

Certified that the above work for the two flare stacks has been mechanically completed and commissioned successfully in all respects on 18.05.16 and has been taken over for operations.

For OPAL

Date: 18/05/16

**Exhibit 3**



DISTRICT COURT

**F I L E D**

OCT 26 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

CV-2016-01440

REBECCA NIGHTINGALE

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

Zeeco, Inc. an Oklahoma Corporation,        )
                                            )
                        Plaintiff,          )
                                            )
v.                                          )
                                            )
JPMorgan Chase Bank, NA                     )
                                            )
                        Defendant.          )
                                            )

## MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiff, Zeeco, Inc. ("Zeeco") moves this Court  pursuant to 12 O.S. § 1384.1 for an *ex parte* emergency restraining order and for a temporary injunction enjoining Defendant, JPMorgan Chase Bank, NA ("JPMorgan") from paying or transferring any funds to Fernas Construction India Pvt Ltd ("Fernas).

Anticipated payment by JPMorgan to Fernas and breach of fiduciary duty by JPMorgan is imminent and the threat will continue absent an injunction, causing irreparable damage to Zeeco while this litigation is pending. This Motion is made on the grounds that contemporaneously herewith, Plaintiff filed a petition against the JPMorgan seeking to avoid the harm, breach of fiduciary duty and potential misappropriation of funds. In that Petition, Plaintiff alleges and states that JPMorgan received a fraudulent demand from Fernas and intends to pay the same within 24 hours.  JPMorgan refuses to assure Zeeco that it will not issue payment to Fernas.  Plaintiff Zeeco seeks to preserve its assets, credit and monies and avoid being the victim of fraud.  Plaintiff Zeeco has a great likelihood of success on the merits in demonstrating the Fernas' demand is fraudulent should not be honored by JPMorgan and JPMorgan should deny any payment.



1

This is a motion for emergency injunctive relief based on the potential irreparable harm to Zeeco to be caused by JPMorgan's intent to honor a fraudulent claim and financial draw on Bank Guarantees issued by JPMorgan to Fernas pursuant to a Credit Agreement between Zeeco and JPMorgan. JPMorgan has announced its intention to honor Fernas's fraudulent claim within the next 24 hours. The intended action by JPMorgan will result in irreparable injury to Zeeco because JPMorgan has indicated it will release the funds on the morning October 27, 2016, Mumbai, India time. JPMorgan has indicated it will not delay payment without a Court order restraining it from making payment or ordering it not to transfer the funds. Zeeco seeks an Order for such relief. If JPMorgan is not restrained from transferring funds or issuing payment, Plaintiff Zeeco will be irreparably harmed by having its assets transferred outside the United States to India and outside this Court's jurisdiction in the next 24 hours on October 27, 2016.

No harm is portended to JPMorgan by issuance of the Temporary Restraining Order sought hereby.

This Motion is supported by the accompanying verified Petition for Injunctive Relief.

WHEREFORE, Plaintiff prays that this Motion be GRANTED and a Temporary Restraining Order ne entered and for all further relief this honorable court finds just and proper.

2

Respectfully submitted,

JOHNSON & JONES, P.C.

Whitney M. Eschenheimer, OBA No. 17025
Two Warren Place
6120 South Yale Avenue, Suite 500
Tulsa, Oklahoma 74136
Phone: (918) 584-6644
Direct: (918) 382-4320
Fax: (888) 789-0940

3

**Exhibit 4**



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

OCT 26 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

Zeeco, Inc.  an Oklahoma Corporation,        )
                                             )
                      Plaintiff,             )
                                             )
v.                                           )   Case No. CV-2016-01440
                                             )
JP Morgan Chase Bank, NA                     )
                                             )   **CV-2016-01440**
                      Defendant.             )
                                             )   REBECCA NIGHTINGALE

## <u>TEMPORARY RESTRAINING ORDER</u>

NOW on this 26th of October, 2016 this matter comes on before on Plaintiff Zeeco, Inc.'s

Motion for Ex Parte Temporary Restraining Order,

THE COURT HERBY FINDS:

It clearly appears from specific facts shown by the verified Petition that immediate and

irreparable injury, loss, and/or damage will result to the Plaintiff Zeeco before the Defendant or

their attorney(s) can be heard in opposition to Plaintiff/ Petitioner's Motion.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Defendant  JP

Morgan is Restrained from transferring or paying Fernas Construction India Pvt Ltd.

Done this 26th day of October , 2016 at 4:59 p.m.

_____
Judge of the District Court



SALLY HOWE SMITH COURT CLERK
2016 OCT 26  PM 5: 0

Prepared by

Whitney M. Eschenheimer, OBA No. 17025
Two Warren Place
6120 South Yale Avenue, Suite 500
Tulsa, Oklahoma 74136
Phone: (918) 584-6644
Direct: (918) 382-4320
Fax: (888) 789-0940

Exhibit 5



APR 1 8 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

Zeeco, Inc., an Oklahoma Corporation,

    Plaintiff,

                                      Case No. CV-2016-1440
v.                                    Judge Rebecca Nightingale

JPMorgan Chase Bank, NA

    Defendant.

### MOTION TO EXTEND TIME FOR OBTAINING SERVICE
### AND POTENTIAL AMENDMENTS

COMES NOW, the Plaintiff Zeeco, Inc., and requests that the Court grant it an extension of time for obtaining service on the Defendant pursuant to Rule 4(C) of the Rules for District Courts.  Plaintiff shows as follows in support of good cause:

1.  This action was filed on October 26, 2016, and resulted in the Court entering a Temporary Restraining Order that restrained Defendant from transferring or paying Fernas Construction India Pvt Ltd.

2.  On October 26, 2016, Defendant was on actual notice of the Court's Temporary Restraining Order and was in discussion with Plaintiff's General Counsel concerning the Temporary Restraining Order, as well as a companion injunction case in India. Nonetheless, on October 27, 2016, the Defendant violated the Court's Temporary Restraining Order and transferred the subject funds, of approximately USD $1.6 million, to Fernas Construction India Pvt Ltd. in direct violation of the Temporary Restraining Order.

3.  Immediately thereafter, the parties entered into settlement discussions that have been ongoing and continuous.  In particular, the General Counsel of Plaintiff has engaged in

protracted discussions with in-house legal representatives of Defendant.  Moreover, business representatives of both parties have engaged in continuous settlement discussions including personal meetings and verbal discussions.  As of the date of the filing of this Motion, these negotiations remain in process and have occurred as recently as Friday, April 14, 2017, and Sunday, April 16, 2017, via email.  It has been Plaintiff's goal, with Defendant's knowledge, to focus efforts on resolution rather than to prosecute the case at this time.

4.   Additionally, should settlement negotiations fail and the Plaintiff is required to prosecute its claims, then additional allegations sounding in breach of contract, intentional tort, and contempt may be litigated in these proceedings through amendments to the existing pleadings.

5.   For these reasons, Plaintiff requests an additional sixty (60) days from April 24, 2017, in order to attempt to conclude settlement negotiations that could result in the dismissal of this case without further litigation efforts.

6.   There is no opposing counsel of record for Defendant in this case to consult regarding this request.  John Rule of Gable & Gotwals was initially in contact with Plaintiff's counsel after he acknowledged actual notice on behalf of Defendant of the contents and entry of the Temporary Restraining Order, but no counsel has filed an appearance for Defendant.

7.   Plaintiff contends that these averments support good cause for an extension under Okla. Stat. tit. 12 § 2004 (I).

8.   No previous requests for extensions of time have been made and no hearings are currently set.

9.  This request is not being sought for an improper purpose or simply to create delay.

10. The original 180 days for effectuating service under the existing Summons expires on April 24, 2017.  Plaintiff's request for an additional sixty (60) days would result in a service deadline of June 23, 2017.

WHEREFORE, Plaintiff Zeeco, Inc., requests that the Court grant this motion and allow for additional time for obtaining service on Defendant and extend the service period for sixty (60) days from April 24, 2017 (equating to a new service deadline of June 23, 2017), or any other relief the Court deems just and equitable.

Respectfully submitted,

JOHNSON & JONES, P.C.

Whitney M. Eschenheimer, OBA No. 17025
Two Warren Place
6120 South Yale, Suite 500
Tulsa, Oklahoma 74136
**Telephone: (918) 584-6644**
**Fax: (888) 789-0940**
ATTORNEY FOR PLAINTIFF

3

**Exhibit 6**




# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

Zeeco, Inc., an Oklahoma Corporation,　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　Case No. CV-2016-1440
　　　　　　　　　　　　　　　　　)　Judge Rebecca Nightingale
JPMorgan Chase Bank, NA　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant.　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)

**DISTRICT COURT**
**F I L E D**

APR 1 8 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## ORDER

　　　NOW on this $18$ day of April, 2017, the Plaintiff's Motion to Extend Time for Obtaining Service and Potential Amendments comes on for consideration. The Court finds that good cause exists for extending the time to obtain service _60_ days until _June 23, 2017_

　　　IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plaintiff shall have until _June 23, 2017_, within which to obtain service on the Defendant and to amend its pleadings.

　　　　　　　　　　　　　　　　JUDGE OF THE DISTRICT COURT

Prepared by:

Whitney M. Eschenheimer, OBA No. 17025
Two Warren Place
6120 South Yale Ave., Ste. 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Fax: (888) 789-0940
*Attorney for Plaintiff*



**Exhibit 7**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED

JUN 2 0 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ZEECO, INC., an Oklahoma corporation,)

                  Plaintiff,

vs.

JPMORGAN CHASE BANK, NA,

                  Defendant.

**Case No. CV-2016-01440**
**Judge Rebecca Brett Nightingale**

## ENTRY OF APPEARANCE OF COUNSEL

To the Clerk of this Court and all parties of record:

I hereby enter my appearance as counsel in this case for Plaintiff, Zeeco, Inc.

I certify that I am admitted to practice in this Court.

Respectfully submitted,

James P. McCann, OBA No. 5865
McDONALD, McCANN, METCALF & CARWILE, L.L.P.
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3702 – telephone
(918) 430-3770 – facsimile
jmccann@mmmsk.com

*Attorneys for Plaintiff, Zeeco, Inc.*

1

## CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the **20th** day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile:  (918) 586-5474

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile:  (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

James P. McCann

2

**Exhibit 8**

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**FILED**

JUN 2 0 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| Zeeco, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CV-2016-1440 |
| | ) | Judge Rebecca Brett Nightingale |
| JPMorgan Chase Bank, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO ASSOCIATE COUNSEL

Plaintiff, Zeeco, Inc., hereby moves the Court for an Order permitting Jeffrey D.
Dunn to practice in the above styled and numbered cause pursuant to the Rules
Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App. 1, Art. II.
This motion is supported by the attached "Signed Application" (Exhibit A), "Certificate(s)
of Good Standing (Exhibit B), and the "Certificate of Compliance" from the Oklahoma
Bar Association (Exhibit C).

Submitted by:

James P. McCann, OBA No. 5865
McDonald, McCann, Metcalf & Carwile, LLLP
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700
(918) 430-3770 - Facsimile
jpmccann@mmmsk.com

Form 200A

# EXHIBIT

# A

# APPLICATION 

## OUT OF STATE ATTORNEY REGISTRATION

Jeffrey       Dana       Dunn       , Applicant, respectfully represents:
First Name      Middle Name      Last Name

1. Applicant is an attorney at law and a member of the law firm of _____

Munsch Hardt Kopf & Harr, P.C.

with its principal offices located at 500 N. Akard St., Suite 3800
                                  Mailing Address

| Dallas | Dallas | TX | 75201 |
|--------|--------|-----|-------|
| City | County | State | Zip Code |

( 214 ) 855-7500     ( 214 ) 855-7588     ( 214 ) 978-4342
Telephone (Firm)    Telephone (Applicant's Direct Dial)    Fax (Applicant)

jduhn@munsch.com      . If Applicant's office address is different from above,
E-mail Address (Applicant)

please provide the following: same _____
                                     Mailing Address

| | | | |
|---|---|---|---|
| City | County | State | Zip Code |

2. Applicant is admitted to practice and is a member in good standing (certificates of good standing attached) of the bar(s) of the highest state court(s) of the following state(s):

| State | Date of Admission |
|-------|-------------------|
| Texas | 1982 |
| | |
| | |

3. Applicant is admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or other tribunals on the dates indicated for each, and is presently a member in good standing of the bars of said courts:

| Tribunal | Date of Admission |
|----------|-------------------|
| Fifth Circuit Court of Appeals | March 21, 2003 |

| | |
|---|---|
| U.S. District Court, Northern District of Texas | October 18, 2001 |
| U.S. District Court, Southern District of Texas | November 13, 2002 |

4.  Have you ever been suspended or disbarred in any court except as hereinafter provided (Give particulars; e.g. court, jurisdiction, date): _____

_____NO_____

5.  Are you currently subject to any pending disciplinary proceedings by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, date, status): _____

_____NO_____

6.  Have you ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, type of discipline, date, status):_____

_____NO_____


7.  Have you ever had any certificate or privilege to appear and practice before any regulatory or administrative body suspended or revoked except as hereinafter provided (Give particulars; e.g. administrative body, date, status of suspension or reinstatement):
_____NO_____


8.  Applicant seeks admission to practice in the State of Oklahoma in the following matter (give particulars; e.g. caption of case, court or agency, type of matter, party to be represented): Note - A separate application is to be submitted for each matter in which the applicant seeks admission!

Zeeco, Inc., an Oklahoma Corporation, Plaintiff, vs. JPMorgan Chase Bank, N.A., Defendant;

Case No. cv-2016-01440 filed in the District Court of Tulsa County, Oklahoma

9.   The Oklahoma Bar Association member who is counsel of record for Applicant in this matter is:

| James | P. | McCann | 5865 |
|---|---|---|---|
| First Name | Middle Name | Last Name | O.B.A. Number |

| 15 East Fifth Street, Suite 1400 | Tulsa | OK | 74103 |
|---|---|---|---|
| Mailing Address | City | State | Zip Code |

| ( 918 ) 430-3702 | ( 918 ) 430-3770 | jmccann@mmmsk.com |
|---|---|---|
| Telephone Number | Fax Number | E-mail Address |

10.   The following accurately represents the names of each party in this matter and the names and addresses of each counsel of record who appear for that party:

| Party Name | Counsel Name | Address of Counsel |
|---|---|---|
| Zeeco, Inc. | James P. McCann | 15 East Fifth St., Suite 1400, Tulsa, OK 74103 |
| Zeeco, Inc. | Fred Wahrlich | 700 Milam St., Suite 2700, Houston, TX 77002 |
| Zeeco, Inc. | Jeffrey Dunn | 500 N. Akard St., Suite 3800, Dallas, TX 75201 |

11.   Applicant certifies that he/she shall be subject to the jurisdiction of the courts and disciplinary boards of this state with respect to the laws of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association.

12.   Applicant understands and shall comply with the standards of professional conduct required of members of the Oklahoma Bar Association.

13.  Applicant has disclosed in writing to the client that the Applicant is not admitted to practice in this jurisdiction and the client has consented to such representation.

I, __Jeffrey D. Dunn_____, do hereby swear/affirm under penalty of perjury that the assertions of this application are true:

I am the Applicant in the above referenced matter; I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to those matters I believe them to be true.

I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association; I understand and shall comply with the standards of professional conduct required by members of the Oklahoma Bar Association; and that I am subject to the disciplinary jurisdiction of the Oklahoma Bar Association with respect to any of my actions occurring in the course of such appearance.

DATED this __6__ day of __June__, 2017

_____
Applicant

Mail with check or money order (payable to the OBA) to:

Out-of-State Attorney Registration
Oklahoma Bar Association
P.O. Box 53036
Oklahoma City, OK  73152-3036

Form 200B

# EXHIBIT

# B

# The Supreme Court of Texas

AUSTIN

CLERK'S OFFICE

I, BLAKE HAWTHORNE, Clerk of the Supreme Court of Texas, certify that the records of this office show that:

### Jeffrey D. Dunn

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 5th day of November, 1982.

I further certify that the records of this office show that, as of this date

### Jeffrey D. Dunn

is presently enrolled with the State Bar of Texas as an active member in good standing.

IN TESTIMONY WHEREOF witness my signature

and the seal of the Supreme Court of

Texas at the City of Austin, this, the

6th day of June, 2017.

BLAKE HAWTHORNE, Clerk

Clerk, Supreme Court of Texas

No. 5800C.1

This certification expires thirty days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

# EXHIBIT

# C



## Certificate of Compliance

Oklahoma Bar Association
1901 North Lincoln Boulevard
Post Office Box 53036
Oklahoma City, Oklahoma 73152-3036

The Oklahoma Bar Association, in response to the application of out-of-state attorney, submits the following certificate pursuant to 5 O.S. Ch.1 App.1, Art. II

1.   Applicant has submitted a signed application of out-of-state attorneys, certificate(s) of good standing, and the non-refundable application fee pursuant to the Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App. 1, Art. II.

2.   Date of Application: **June 9, 2017**

3.   Application Number: **2017-242**

4.   Applying Attorney:   **Jeffrey Dana Dunn**
     **Munsch Hardt Kopf & Harr, P.C.**
     **500 N Akard St., Suite 3800**
     **Dallas, TX 75201**

5.   The Application was: **GRANTED**

Dated this **9th** day of **June**, 20**17**.

Loraine Farabow
First Assistant General Counsel
Oklahoma Bar Association

Form 400C

**Exhibit 9**

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

Zeeco, Inc.                                )
                                           )
              Plaintiff,         DISTRICT COURT
                                  F I L E D
v.                                JUN 2 0 2017        No. CV-2016-1440
                                           )         Judge Rebecca Brett Nightingale
JPMorgan Chase Bank, N.A.    DON NEWBERRY, Court Clerk
                             STATE OF OKLA. TULSA COUNTY
              Defendant.                   )

## ORDER ADMITTING TO PRACTICE

**James P. McCann** having filed his Motion to Associate Counsel pursuant to the

Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1. App. 1, Art.

II, together with a signed Application, Certificate(s) of Good Standing, and the

Oklahoma Bar Association Certificate of Compliance; and said Motion having been

noticed, no objections having been made, and the Court being fully apprised in the

premises, and good cause appearing, it is hereby;

**ORDERED**, that said motion is hereby granted, and Jeffrey R. Dunn is hereby

admitted to practice in the above styled and numbered cause of action for the purposes

of the above entitled matter only.


                                        Rebecca Brett Nightingale
                                        _____
                                        Rebecca Brett Nightingale
                                        JUDGE of THE DISTRICT COURT

Submitted by:

_____
James P. McCann, OBA No. 5865
McDonald, McCann, Metcalf & Carwile, LLLP
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700
(918) 430-3770 – Facsimile
*jpmccann@mmmsk.com*

Form 300A

**Exhibit 10**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D



JUN 2 0 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ZEECO, INC., an Oklahoma corporation,)
)
        Plaintiff,       )
)
vs.                        )
)
JPMORGAN CHASE BANK, NA,   )
)
        Defendant.   )

**Case No. CV-2016-01440**
**Judge Rebecca Brett Nightingale**

## ENTRY OF APPEARANCE OF COUNSEL

To the Clerk of this Court and all parties of record:

I hereby enter my appearance as counsel in this case for Plaintiff, Zeeco, Inc.

I certify that I am specially admitted to practice in this Court.

Respectfully submitted,

Jeffrey D. Dunn
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
(214) 855-7500 – telephone
(214) 978-4342 – facsimile
jdunn@munsch.com

*Attorneys for Plaintiff, Zeeco, Inc.*

1

## CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the ___ day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile: (918) 586-5474

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile: (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

James P. McCann

2

**Exhibit 11**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

JUN 2 0 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ZEECO, INC., an Oklahoma corporation,)
                                     )
         Plaintiff,        )
                                     )
vs.                            )     Case No. CV-2016-01440
                                   )     Judge Rebecca Brett Nightingale
JPMORGAN CHASE BANK, NA,     )
                                   )
        Defendant.      )

## APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFF, ZEECO, INC.

I, Whitney M. Eschenheimer, of Johnson & Jones, P.C., respectfully request that I and my Firm be permitted to withdraw as counsel of record for Plaintiff in the above-referenced matter pursuant to 12 O.S. § 2005.2 (c).    In support of the Application, I advise the Court:

1.      This request is being submitted with the knowledge and permission of Plaintiff, Zeeco, Inc.

2.      Zeeco, Inc. has retained additional counsel, James P. McCann, of McDonald, McCann, Metcalf & Carwile, LLP, of Tulsa, and Jeffrey D. Dunn, of the Dallas, Texas law firm of Munsch, Hardt, Kopf & Harr, P.C.

3.      The newly retained counsel are entering appearances for Plaintiff contemporaneously with this Application.

4.      No appearance has been entered by the named Defendant and thus no permission or consent is required.

WHEREFORE, Whitney M. Eschenheimer respectfully requests that the Court grant the Order submitted contemporaneously herewith, permitting the undersigned to withdraw as

1

counsel.

_____
Whitney M. Eschenheimer, OBA No. 17025
Johnson & Jones, P.C.
Two Warren Place
6120 South Yale Avenue, Suite 500
Tulsa, OK 74136
(918) 584-6644 – telephone
(918) 382-4320 – direct
(888) 789-0940 – facsimile

## CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the 30th day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

James P. McCann, OBA No. 5865
MCDONALD, MCCANN, METCALF & CARWILE, L.L.P.
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
Facsimile: (918) 430-3770

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile: (918) 586-5474

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile: (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

2

Whitney M. Eschenheimer

3

**Exhibit 12**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

ZEECO, INC., an Oklahoma corporation,)

Plaintiff,                    )

vs.                           )      Case No. CV-2016-01440
                              )      Judge Rebecca Brett Nightingale
JPMORGAN CHASE BANK, NA,      )
                              )
Defendant.                    )

DISTRICT COURT
FILED
JUN 2 0 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**ORDER PERMITTING WITHDRWAL OF**
**WHITNEY M. ESCHENHEIMER AS COUNSEL**

Upon Application of the Whitney M. Eschenheimer to withdraw as counsel for Zeeco,

Inc., in the above-referenced matter, it appearing that additional counsel have appeared on behalf

of Zeeco, Inc., and for good cause shown.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Whitney M.

Eschenheimer and her Firm be permitted to withdraw as counsel in the above-referenced matter. New

counsel has filed entry of appearance

DATED this 30 day of June, 2017.

Rebecca Brett Nightingale
_____
Honorable Rebecca Brett Nightingale
Judge of the District Court

**Exhibit 13**

## ORIGINAL ALIAS SUMMONS

### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

ZEECO, INC., an Oklahoma Corporation

_____ Plaintiff.

v.

JPMORGAN CHASE BANK, NA _____ ,

_____ Defendant.

Case No. CV-2016-01440
Judge Rebecca Brett Nightingale

**Attorney(s) for Plaintiff(s)**
Name:      James P. McCann, OBA No. 5865
Address:   15 E. Fifth Street, Suite 1400
           Tulsa, OK 74103
           (918) 430-3700 - telephone
           (918) 430-3770 – facsimile

TO:   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
      c/o Agent, Kristin Bohanan
      110 WEST 7TH STREET, 17TH FLOOR
      TULSA, OK 74119

To the above-named Defendants:

    You have been sued by the above-named Plaintiffs and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiffs. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

    Issued this _____ day of June, 2017.

                                   Don Newberry, Court Clerk

                  By: _____
                    Deputy Court Clerk

(Seal)

This summons and order was served on _____
                                            (Date of Service)

                    _____
                    (Signature of Person Serving Summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

### Return ORIGINAL for filing.

## RETURN/AFFIDAVIT OF SERVICE

### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

ZEECO, INC., an Oklahoma Corporation

_____ Plaintiff,

v.

JPMORGAN CHASE BANK, NA _____,

_____ Defendant.

Case No. CV-2016-01440
Judge Rebecca Brett Nightingale

**Attorney(s) for Plaintiff(s)**
Name:     James P. McCann, OBA No. 5865
Address:  15 E. Fifth Street, Suite 1400
          Tulsa, OK 74103
          (918) 430-3700 - telephone
          (918) 430-3770 - facsimile

### PERSONAL SERVICE

I certify that I received the foregoing summons the _____ day of _____, 2017, and that I delivered a copy of said summons with a copy of the petition and order attached to each of the following-named defendants personally in _____ County at the address and on the date set forth opposite each name, to wit:

| Name of Defendant | Address | Date of Service |
| --- | --- | --- |
| | | |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing summons on the _____ day of _____, 2017 and that on _____, I served _____ by leaving a copy of said summons with a copy of the petition and order attached at _____, which is his dwelling house or usual place of abode, with _____, a person then residing therein who is fifteen (15) years of age or older.

### CORPORATION RETURN

Received this summons this _____ day of _____, 2017, and as commanded therein, I summoned the within-named defendant, as follows, to wit:_____ a corporation, on the _____ day of _____, 2017, by delivering a true and correct copy of the within summons hereof with endorsements thereon and a copy of the petition to _____, he being the _____ of said corporation, and the _____ President, Vice-President, Secretary, Treasurer, or other chief officer not being found in said County.

### NOT FOUND

Received this summons this _____ day of _____, 2017. I certify that the following persons of the defendant(s) within named not found in said County:

### FEES

Fee for service $_____, Mileage $_____, Total $_____

Dated this _____ day of _____, 2017.

By: _____
    Deputy – Tulsa County, Oklahoma
By: _____
    Process Server – Tulsa County, Oklahoma

### AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this summons and made the return thereon, according to law, and that I am duly authorized to make this affidavit, so help me God.

_____
Process Server

Subscribed and sworn to before me this _____ day of _____, 2017.

Don Newberry, Court Clerk

Exhibit 14

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
F I L E D
JUN 2 0 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| ZEECO, INC., an Oklahoma corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CV-2016-01440 |
| | ) Judge Rebecca Nightingale |
| JPMORGAN CHASE BANK, NA, | ) |
| | ) |
| Defendant. | ) |

**FIRST AMENDED VERIFIED PETITION
AND CLAIM FOR RESTITUTION**

Plaintiff, Zeeco, Inc. ("Zeeco"), by and through its counsel, James P. McCann, of McDonald, McCann, Metcalf & Carwile, LLP, for its causes of action against Defendant, JP Morgan Chase Bank, NA ("JPMorgan"), and for JPMorgan's violations of this Court's Temporary Restraining Order, alleges as follows:

**INTRODUCTION**

1.      This First Amended Verified Petition for Injunctive Relief and Claim for Restitution is further supported by the Affidavit of John McDermott dated June 20, 2017, attached hereto as Exhibit 4. On October 26, 2016, Zeeco filed an action for injunctive relief to avoid irreparable harm after learning that JPMorgan intended to honor fraudulent demands for payment under multiple bank guarantees (the "Bank Guarantees") issued by JPMorgan in Mumbai, India to Fernas Construction India Pvt. Ltd ("Fernas") in conjunction with a construction project in India. The Bank Guarantees were secured by a series of letters of credit issued by JPMorgan (the "Letters of Credit") pursuant to the Loan Agreements between

1

JPMorgan and Zeeco defined below. Zeeco was the applicant of all Bank Guarantees and Letters of Credit and JPMorgan was the issuer.

2.       On October 26, 2016, at 4:59 PM (Central Daylight Time, "CDT"), in response to Zeeco's Motion for Emergency Injunctive Relief (the "Motion"), this Court entered a Temporary Restraining Order (the "Order") in which this Court found that it clearly appears from specific facts shown by the Verified Petition that immediate and irreparable injury, loss, and/or damage would result to Zeeco before JPMorgan could be heard in opposition to the motion. Accordingly, the Order restrained JPMorgan from paying Fernas.

3.       Within minutes of its issuance, the Order was transmitted via email by Zeeco to JPMorgan in the U.S.A., and shortly thereafter, was transmitted via email by Zeeco to a representative of JPMorgan in India.

4.       Based upon discussions between Zeeco and JPMorgan personnel, JPMorgan has admitted the Order was timely received by JPMorgan and was discussed extensively for many hours on the evening, CDT, of October 26, 2016, among multiple business and legal representatives of JPMorgan, including both in-house and outside counsel.

5.       Based upon statements made by legal representatives of JPMorgan, in the late hours of October 26, or early hours of October 27, CDT, JPMorgan has admitted that a decision was made by JPMorgan to pay Fernas all of the money demanded by Fernas under the Bank Guarantees, amounting to more than $1,500,000.00.

6.       The payment by JPMorgan to Fernas violated the Order issued only hours before wherein this Court directed JPMorgan not to pay the money to Fernas. At approximately the same time (or potentially prior to such time) JPMorgan withdrew the same amount from Zeeco's

2

bank account as reimbursement to JPMorgan.

## THE PARTIES AND JURISDICTION

7.      Zeeco is an Oklahoma corporation with its principal place of business in Broken Arrow, Wagoner County, Oklahoma.

8.      JPMorgan is a national bank chartered and supervised by the Office of the Comptroller of the Currency pursuant to the National Bank Act and is duly constituted and in existence in accordance with applicable federal law.

9.      JPMorgan conducts business in Tulsa County, Oklahoma.

10.     Zeeco and JPMorgan were and are parties to the Second Amended and Restated Export Loan Agreement dated as of June 12, 2015 (the "Export Loan Agreement") and the Fourth Amended and Restated Credit Agreement dated as of June 12, 2015 (the "Credit Agreement"), as well as various other agreements ("Other Agreements") that establish the business relationship between JPMorgan and Zeeco (the Credit Agreement, the Export Loan Agreement, and the Other Agreements are referred to collectively as the "Loan Agreements").

11.     The Loan Agreements were executed and delivered by JPMorgan in Tulsa County.   The Loan Agreements were executed and delivered by Zeeco in Tulsa County, Oklahoma.

12.     The Loan Agreements provide Zeeco with credit facilities to enable Zeeco to finance the manufacture, production or sale of industrial combustion products, domestically and for export, and govern the issuance of domestic letters of credit and foreign bank guarantees, including the Letters of Credit and the Bank Guarantees at issue in this matter, and the payments to Fernas that were enjoined by the Order.

3

13.     The claims and causes of action stated in this First Amended Verified Petition and Claim for Restitution (as well as the original Verified Petition for Injunctive Relief and the Motion, both filed on October 26, 2016, collectively, the "Original Petition") arise from or are related to the Loan Agreements, or certain of them.

14.     This Court has personal jurisdiction over JPMorgan because (a) the Export Loan Agreement provides that the parties "submit to the non-exclusive jurisdiction of any Oklahoma state court or federal court sitting in Tulsa County, Oklahoma over any suit, action or proceeding arising out of or relating to this Agreement," and (b) the Credit Agreement provides that all claims and proceedings in respect of any such action may be heard and determined in the Tulsa County District Court sitting in Tulsa County, Oklahoma, and (c) JPMorgan is an Oklahoma resident with offices in Tulsa County, Oklahoma, including its main office located within blocks of this Court.

15.     This Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  The Credit Agreement and the Export Loan Agreement both state that they are to be construed in accordance with, and governed by, Oklahoma law.

### MATERIAL FACTS

16.     Zeeco contracted to perform work for Fernas to supply and install a flare system at a site in India owned by ONGC Petro Additions, Ltd. ("OPAL"). (Affidavit of John McDermott, Exhibit 1, ¶2).

17.     As part of the transaction between Zeeco and Fernas, Zeeco caused JPMorgan to issue the Bank Guarantees to Fernas in an amount totaling approximately USD $1,500,000.

4

(Affidavit of John McDermott, Exhibit 1, ¶8).    The Bank Guarantees were secured by the Letters of Credit issued under the Loan Agreements.

18.    OPAL was the end user under the Zeeco and Fernas flare system installation contract. (Affidavit of John McDermott, Exhibit 1, ¶2).

19.    Zeeco performed all related work to the satisfaction of OPAL. (Affidavit of John McDermott, Exhibit 1, ¶9).

20.    A Certificate of Completion was issued by OPAL to Zeeco on April 28, 2016. (Certificate of Completion, Exhibit 2).

21.    Despite the Certificate of Completion, and having no basis for making a claim against Zeeco, Fernas made demand for payment under the Bank Guarantees in India on or about October 25, 2016. (Affidavit of John McDermott, Exhibit 1, ¶9).

22.    At the time the payment demand was delivered, Fernas was in financial duress and seeking fraudulent payment from JPMorgan due to Fernas' financial woes. (Affidavit of John McDermott, Exhibit 1, ¶¶3, 4 and 10).

23.    Fernas threatened and demanded that JPMorgan pay a fraudulent claim at JPMorgan's office in Mumbai, India during the 48 hours preceding the filing of Zeeco's Original Petition. (Affidavit of John McDermott, Exhibit 1, ¶9).

24.    During this time period, JPMorgan notified Zeeco that it intended to honor all payment demands on the Bank Guarantees and that the draw would be paid on October 27, 2016. (Affidavit of John McDermott, Exhibit 1, ¶9).

25.    On October 26, 2016, Darton J. Zink, President & CEO of Zeeco, spoke with the CEO of Fernas and demanded that Fernas withdraw its fraudulent claims, and in response, the

5

CEO of Fernas stated that he would instruct Fernas in India to issue a withdrawal letter to JPMorgan.

26.     On the morning of October 26, 2016, at 10:15 a.m. CDT, Zeeco's General Counsel, Charles T. Plake, ("Zeeco's GC") participated in a conference call with JPMorgan's in-house lawyers, David Giles and Andrew Keen. During this call, Zeeco's GC notified Mr. Giles and Mr. Keen of JPMorgan that the draws on the Bank Guarantees by Fernas were fraudulent and spoke in detail with them concerning the matter.

27.     After the conference call referenced in Paragraph 26 above, a copy of the Certificate of Completion was provided to Mr. Giles and Mr. Keen of JPMorgan via email by Zeeco's GC further indicating that the draws on the Bank Guarantees by Fernas were fraudulent since the project to which they relate had been completed and accepted by the site owner, OPAL.

28.     Zeeco's GC had several telephone and email communications with Mr. Giles and/or Mr. Keen concerning the Bank Guarantees during the course of the day on October 26, 2016. During one or more of these communications, Zeeco's GC advised Mr. Giles and Mr. Keen of Zeeco's intent to file an injunctive action in Tulsa and in Mumbai, India, to request the issuance of a temporary restraining order to enjoin JPMorgan from paying Fernas.

29.     Although JPMorgan agreed to jurisdiction in this Court as explained above, Zeeco sought a similar injunction from a Mumbai court out of an abundance of caution.

30.     Following the communication between Zeeco's GC and Mr. Giles and Mr. Keen, of JPMorgan, the following events took place at the times and dates indicated, all of which are CDT (unless otherwise indicated):

a.      On October 26, 2016, a Verified Petition for Injunctive Relief was filed

6

with the Tulsa County District Court and assigned to presiding Judge Rebecca Brett Nightingale. The Verified Petition for Injunctive Relief sought, *inter alia*, a temporary restraining order, preliminary injunction, and permanent injunction, seeking to bar JPMorgan from honoring Fernas's fraudulent payment demand on the Bank Guarantees.

b.    Contemporaneous with the filing of the Verified Petition for Injunctive Relief, Zeeco filed its Motion for Emergency Injunctive Relief seeking to obtain a temporary restraining order from this Court. The Motion for Emergency Injunctive Relief was supported by the Verified Petition for Injunctive Relief including the Affidavit of John McDermott, attached thereto.

c.    Following *ex parte* discussions by Zeeco's counsel, Whitney Eschenheimer, with Judge Nightingale, the Court issued the Order at 4:59 p.m. on October 26, 2016. A true and correct copy of the Order is attached hereto as Exhibit 3.

d.    Zeeco's GC provided JPMorgan's in-house counsel a photograph of the Order on October 26, 2016 at 5:05 p.m. Ten minutes later, at 5:15 p.m., Zeeco's GC emailed a .pdf copy the Order to JPMorgan, which email was followed by another email from Zeeco's GC to JPMorgan's in-house counsel at 5:41 p.m. on the same day along with the explanation that a lawsuit would also be filed with a court in Mumbai when such court opened in a few hours and with the expectation that a similar injunction would be issued by the Mumbai court. Additionally, Zeeco's GC had extensive verbal discussions with Mr. Giles and other counsel for JPMorgan advising that the Order had been entered by Judge Nightingale.

e.    On October 26, 2016, at 10:17 p.m., the President of Zeeco, Darton Zink, dispatched an email to Mamta Chavan and Deval Vyas, officers of JPMorgan in Mumbai, India along with copies to three other JPMorgan representatives, advising that the Chief Executive Officer of Fernas had confirmed with Mr. Zink that Fernas had issued a letter to JPMorgan withdrawing its payment demand on the Bank Guarantees and that the Fernas CEO was then in the process of contacting Fernas India personnel to confirm his letter had been delivered to JPMorgan. Mr. Zink also provided a copy of the Order, advised that the Order restrained and prohibited JPMorgan from paying the Bank Guarantees, and that Zeeco was pursuing a similar order in India within a few hours that would also restrain and prohibit JPMorgan from making payments to Fernas. Because of the 10½ hour time difference between Tulsa and Mumbai, this email was dispatched and received in Mumbai on Thursday, October 27, 2016, at 8:47 a.m. (Mumbai time).

7

f.      By 10:30 p.m. CDT on October 26, 2016 (corresponding to 9:00 a.m. Mumbai time on October 27, 2016) an action before the Bombay High Court in India (located in Mumbai) seeking a temporary restraining order had been filed by Zeeco and a hearing was scheduled for 9:00 a.m. Mumbai time. However, after Zeeco's counsel appeared at the Mumbai court that morning for the 9:00 a.m. hearing, the court rescheduled the hearing to 1:00 p.m. Mumbai time so that JPMorgan could appear before the court with its counsel.

g.      On information and belief, for some period of time both before and after midnight on Wednesday, October 26, 2016 CDT (corresponding to around 10:30 a.m. on Thursday, October 27, 2016 Mumbai time), Zeeco was informed that JPMorgan officers and counsel located in India, Houston, Chicago, and Tulsa engaged in a multi-hour phone conference to discuss how to respond to the Order issued by this Court and whether payment should be made to Fernas notwithstanding the Order.

h.      On information and belief, India law would have permitted JPMorgan to delay payment in response to the Order and claims of fraud, but sometime after the phone conference referenced in (g) above, and before the court hearing before the Bombay High Court in Mumbai, JPMorgan decided to violate the Order by paying all of the Fernas demands under the Bank Guarantees. Specifically, on October 27, 2016, at 11:33 a.m. Mumbai time, Fernas requested that JPMorgan provide Unique Transaction References ("UTRs") which would evidence the wire transfer of the funds demanded by Fernas. Some fifty minutes later, on October 27, 2016 at 12:20 p.m. Mumbai time, the UTRs were provided to Fernas, demonstrating that the wire transfer of funds fraudulently requested by Fernas were sent by that time on October 27, 2016.

i.      At the temporary restraining order hearing in Mumbai rescheduled at 1:00 p.m. Mumbai time on the same day, an attorney for JPMorgan appeared and advised the Judge that the funds had already been transferred, rendering the Mumbai action moot and which resulted in the court's dismissal of JPMorgan from the case. Thirty-seven minutes later, on October 27, 2016, at 1:37 p.m. Mumbai time, JPMorgan in Mumbai received an email from Ajay Rowlo, Assistant Manager—Accounts at Fernas advising JPMorgan that the encashment of the letters of credit (i.e., payment of the Bank Guarantees) should be held and not negotiated (i.e., not paid).

j.      A little more than an hour later on October 27, 2016 at 2:43 p.m. Mumbai time, Mamta Chavan, an officer of JPMorgan, advised the Assistant Manager - Accounts of Fernas that payment had already been made "as requested by [him]" and, thirty minutes later, on October 27, 2016 at 3:13 p.m. Mumbai time, Chavan on behalf of JPMorgan dispatched a request

8

for return of the funds sent to Fernas and provided an account at JPMorgan Chase Bank, N.A. for the funds to be wired. Fernas did not reply to this request or return the funds.

JPMorgan began withdrawing funds from Zeeco's bank account before the bank made any payments to Fernas in anticipation of making payment to Fernas. After payment was made to Fernas in violation of the Order, JPMorgan withdrew the rest of the amount from Zeeco's account. JPMorgan later apologized to Zeeco for what happened, but has refused to return Zeeco's funds.

31.    Zeeco lost in excess of $1,500,000 in unrecoverable funds when JPMorgan honored the fraudulent claim of Fernas (Affidavit of John McDermott, Exhibit 1, ¶11) as well as the attorneys' fees expended (a) in the pursuit of its action in India against Fernas for the monies it fraudulently obtained and (b) in dealing with JPMorgan's violation of this Court's Order. This loss could have been completely avoided if JPMorgan had honored the Court's Order.

32.    Zeeco undertook all reasonable efforts under the circumstances to notify the parties that the claim of Fernas was fraudulent. (Affidavit of John McDermott, Exhibit 1, Section 9).

33.    Despite JPMorgan being aware of the Court's issuance of the Order and after internal discussions among JPMorgan officers and their counsel, on information and belief, JPMorgan decided, in willful disobedience of the Order, to make payment upon the fraudulent claims and fraudulent financial draws on the Bank Guarantees with such payments being made to Fernas not later than 12:20 p.m. on October 27, 2016, Mumbai time.

34.    The decision of JPMorgan to violate the Order, despite being on notice of the fraudulent claim of Fernas and the issuance of the Order by this Court, was both grossly

9

negligent and involved willful misconduct and/or willful disobedience on the part of JPMorgan when it failed to comply with the terms of the Order and permitted its representatives in Mumbai to honor the fraudulent claims and demands of Fernas, referenced above. By paying Fernas, JPMorgan failed to act in good faith.

35.     Such willful misconduct, willful disobedience, and/or gross negligence of JPMorgan, referred to herein, was an act of indirect contempt for this Court, its Order, and the Court's processes and should be punished as an act of indirect contempt pursuant to Oklahoma Statutes.

36.     Further, JPMorgan's decision to reimburse itself by debiting Zeeco's bank account breached the Loan Agreements because those agreements did not authorize or even contemplate withdrawal of funds from Zeeco's account for the purpose of reimbursing JPMorgan when JPMorgan makes payment on a letter of credit in violation of a court order enjoining the bank from making payment. Accordingly, JPMorgan's willful misconduct in violating the Order was a willful breach of the Loan Agreements.

37.     Zeeco seeks restitution as permitted by Okla. Stat. tit. 12, §1390 for JPMorgan's indirect contempt of the Order, damages under Article 5 of Oklahoma's Uniform Commercial Code on grounds that JPMorgan was not acting in good faith when it paid the Bank Guarantees, damages for breach of the Loan Agreements as a result of the bank's reimbursement debit to Zeeco's account, and further relief set forth in the Prayer in Relief below.

10

## COUNT I

## DAMAGES FOR HONORING THE BANK GUARANTEES IN BAD FAITH AND FOR BREACH OF THE LOAN AGREEMENTS

38.     Zeeco incorporates by reference the above Paragraphs of this Amended Petition.

39.     Okla. Stat. tit. 12A, §5-109(a) requires JPMorgan to act in good faith in honoring the presentation of a letter of credit in the face of allegations of material fraud by the applicant.

40.     Zeeco was the applicant for a series of domestic letters of credit issued by JPMorgan in the U.S.A. to JPMorgan in Mumbai, and for a series of Bank Guarantees issued by JPMorgan in Mumbai to Fernas.

41.     Okla. Stat. tit. 12A §5-102(a)(7) defines "good faith" as "honesty in fact in the conduct or transaction concerned."

42.     JPMorgan's knowledge that Fernas's draw was without basis and would facilitate a material fraud on Zeeco, coupled with JPMorgan's knowledge of the Order, notice to JPMorgan that Fernas intended to withdraw its payment demand, JPMorgan's internal discussions concerning whether or not to comply with the Order, the pending court hearing in Mumbai of which JPMorgan had notice, JPMorgan's decision to willfully violate the Order following its lengthy internal discussion among bank counsel and officers, and payment of the demands literally minutes before the Mumbai hearing, constitute ample evidence that JPMorgan did not honor the payment demands in good faith.

43.     JPMorgan's failure to act in good faith in honoring the Bank Guarantees while knowing that such honor would facilitate a material fraud by Fernas on Zeeco is a breach of JPMorgan's obligation to Zeeco as applicant of the Bank Guarantees, and for this reason Zeeco

11

is entitled to statutory damages for the breach pursuant to Okla. Stat. tit. 12A, §5-111.

44.    JPMorgan paid the Bank Guarantees to Fernas on October 27, 2016, when the Order stated that JPMorgan should not pay Fernas.

45.    JPMorgan did not act in good faith when it paid the Bank Guarantees after having been Ordered by this Court not to pay Fernas. Further, such actions constitute an act of gross negligence and/or willful misconduct given the facts and allegations set forth herein.

46.    JPMorgan did not act in good faith when it reimbursed itself after paying the Bank Guarantees to Fernas after having been ordered by this Court not to pay Fernas. Further, the reimbursement by JPMorgan by debiting Zeeco's account for an amount in excess of $1,500,000, after having been Ordered by this Court not to pay Fernas, constitutes an act of gross negligence and/or willful misconduct given the facts and allegations set forth herein.

47.    The actions by JPMorgan as alleged herein constitute a breach of the Loan Documents entitling Zeeco to damages.

## COUNT II

## MISAPPROPRIATION OF FUNDS

48.    Zeeco incorporates by reference the above Paragraphs of this Amended Petition.

49.    Without Zeeco's permission and after the issuance of the Order, the timely communication of the Order to JPMorgan, notice to JPMorgan that Fernas intended to withdraw its payment demand, the pending court hearing in Mumbai of which JPMorgan had notice, JPMorgan's decision to willfully violate the Order following a lengthy internal discussion among bank counsel and officers, payment of the demands literally minutes before the Mumbai hearing, and without seeking this Court's assistance to clarify the Order if JPMorgan believed there were

further issues, questions, or facts that should have been brought to this Court's attention regarding the Order, and then reimbursement of this payment from Zeeco's accounts without Zeeco's permission constitute a misappropriation of Zeeco's funds to honor a fraudulent claim of Fernas.

50.     JPMorgan wrongfully paid Fernas on October 27, 2016.

51.     JPMorgan's action in withdrawing funds from Zeeco's account to reimburse itself after paying Fernas was a misappropriation of Zeeco's funds as set forth above and resulted in irreparable harm to Zeeco.

52.     By paying Fernas in violation of the Order and then reimbursing itself from Zeeco's account, despite knowledge of the fraudulent claims of Fernas and the Order, JPMorgan failed to act in good faith.

53.     Zeeco is entitled to all available equitable and legal remedies including its costs, and reasonable attorney's fees, in addition to the amounts wrongfully paid on the fraudulent Fernas claims and demands for payment.

**COUNT III**

**INDIRECT CONTEMPT OF COURT**

54.     Zeeco incorporates by reference the above Paragraphs of this Amended Petition.

55.     JPMorgan had prior knowledge of the Order when JPMorgan made the decision to intentionally violate the Order by paying Fernas on the Bank Guarantees.

56.     JPMorgan's decision to honor the demands for payment constituted willful disobedience and misconduct in contravention of the Order.

57.     This Court should find JPMorgan in indirect contempt of Court for violating the

13

Order, in the manner referenced above, and hold JPMorgan responsible for immediate restitution for all losses reasonably caused by its violation of the Order.

## PRAYER FOR RELIEF

WHEREFORE, Zeeco respectfully asks that this Court enter judgment in its favor and against JPMorgan as follows:

a. Determine that JPMorgan committed willful misconduct and/or gross negligence in disobeying this Court's Order and was in indirect contempt of this Court, and grant judgment in favor of Zeeco and against JPMorgan for immediate restitution for all damages resulting from JPMorgan's willful, wanton, reckless and/or grossly negligent misconduct by not complying with the Order, for breach of JPMorgan's obligation to honor the payment demands in good faith in the face of actual knowledge from Zeeco and this Court that payment of the Bank Guarantees would facilitate a material fraud on Zeeco;

b. Ordering JPMorgan to reimburse Zeeco for all amounts withdrawn from Zeeco's bank account as reimbursement to JPMorgan for its wrongful payment of the Bank Guarantees and breach of the Loan Agreements, including interest on such funds based on statutory and breach of contract claims;

c. Awarding Zeeco its attorneys' fees and costs as allowed by law; and

d. Awarding any other relief to which Zeeco may be entitled.

Submitted by:

James P. McCann, OBA No. 5865
McDONALD, McCANN, METCALF & CARWILE, L.L.P.
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3702 – telephone
(918) 430-3770 – facsimile
jmccann@mmmsk.com

*Attorneys for Plaintiff, Zeeco, Inc.*

## CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the 30th day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile:  (918) 586-5474

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile:  (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

James P. McCann

15

# EXHIBIT

# 1

## AFFIDAVIT OF JOHN MCDERMOTT

I, John McDermott, after first having been duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

1. I am the Chief Financial Officer of Zeeco, Inc., 22151 East 91st Street, Broken Arrow, Oklahoma, 74014, U.S.A. ("Zeeco"), and have served in this role for more than ten years.

2. I have personal knowledge of the contract between FERNAS Construction India Private Limited ("FERNAS") and Zeeco, as recorded in the Purchase Order No. 43000868 dated July 4, 2012, issued by FERNAS (the "Contract") for the manufacture and sale of industrial equipment to be installed at a project in Gujarat, India owned and operated by ONGC Petro-additions Limited ("OPaL").

3. The Contract required that FERNAS pay Zeeco upon Zeeco's completion of certain milestones in the work.

3. Zeeco experienced significant delays in receiving payments from FERNAS under the Contract.

4. For example, FERNAS delayed payment to Zeeco upon Zeeco reaching the second milestone under the Contract for 10% of the Contract price due upon approval of drawings and documentation. This milestone was invoiced October 31, 2012, under payment terms of net-30 days with payment by wire transfer. However, FERNAS significantly delayed payment and ultimately paid Zeeco in three installments over the period of March 15, 2013, through May 7, 2013. In my opinion, this is indicative of significant financial stress being placed on FERNAS.

5. Similar delays in receipt of payments from FERNAS occurred on the third milestone for 5% of the Contract price due upon receipt of raw materials. This was invoiced by Zeeco on May 21, 2013, but payment was not received until August 19, 2013. Again, in my opinion, this is indicative of significant financial stress being placed on FERNAS.

6. Payments for the fourth milestone were further delayed due to known financial problems at FERNAS. Ultimately, Zeeco was informed in 2015 that FERNAS was unable to pay Zeeco and was unable to continue the Contract. OPaL then agreed to assume responsibility for paying Zeeco. It was well known that FERNAS was experiencing significant financial stress and was unable to pay its contractors, including Zeeco, on this project.

7. OPaL required Zeeco's equipment for the project, and therefore, starting in October 2015, all milestone payments were received directly from OPAL due to the inability of FERNAS to perform its financial obligations under the Contract.

8. Per the requirements of the Contract, several bank guarantees totaling approximately USD $1,500,000.00 were issued by JPMorgan Chase Bank, N.A. – Mumbai Branch to FERNAS (the "Bank Guarantees"). As security for these Bank Guarantees, Zeeco caused JPMorgan Chase Bank, N.A. in the U.S.A. to issue letters of credit to JPMorgan Chase Bank, N.A. – Mumbai Branch in the same amounts of the Bank Guarantees under Zeeco's credit facility with JPMorgan Chase Bank, N.A.

9. FERNAS has made demand for payment under Bank Guarantees. However, the project has long been completed and accepted by OPaL, FERNAS has refused to release the Bank Guarantees, and instead, has consistently threatened that it would draw on the Bank Guarantees if they were not extended

1

Ex.1

by Zeeco. Despite requests from OPAL and Zeeco, FERNAS has failed to provide any contractual justification for refusing to release the Bank Guarantees, nor for the extensions demanded and it is my professional opinion that the current attempted draw on the Bank Guarantees is fraudulent and is intended solely to steal money to which FERNAS is not entitled.

10. FERNAS has wound down its operations in India with only a minimal administrative staff remaining. The office in India is not listed under its list of global locations on its parent company's website. To the best of my knowledge and belief, FERNAS has no commercial activity in India at present.

11. Based upon the facts stated in this Affidavit, it is my professional opinion that Zeeco is in imminent danger of losing approximately USD $1,500,000.00 due to a fraudulent draw on the Bank Guarantees by FERNAS, and that Zeeco will have no adequate remedy at law because FERNAS has ceased operations in India, is the subject of significant financial stress or is illiquid, and that any legal action against FERNAS would be meaningless with Zeeco having no means of monetary recovery.

12. JPMorgan Chase Bank, N.A. verbally told Zeeco that it intends to pay the Bank Guarantees the morning of October 27, 2016, Mumbai time, which is the evening of October 26, 2016 US Central Time, in the absence of a court order preventing such payment.

Dated: October 26, 2016

By: _____
John McDermott, CFO
Zeeco, Inc.

STATE OF OKLAHOMA )
                  ) SS.
COUNTY OF TULSA   )

This Affidavit was acknowledged before me on October 26, 2016, by John McDermott as the Chief Financial Officer of Zeeco, Inc., an Oklahoma corporation.

Commission Number:        14007973
My Commission Expires:    08 September 2018

_____
Mandy Dareing
Notary Public

MANDY S. DAREING
Notary Public
State of Oklahoma
Commission # 14007973
My Commission Expires Sep 8, 2018

2

# EXHIBIT

# 2



**ONGC Petro-additions Limited**

1st Floor, OMKARA Complex, Sai Chowkdi, Manjalpur, Vadodara -390011

Phone: 0265-6192600. Fax No: 0265-6192666

## MECHANICAL COMPLETION & COMMISSIONING CERTIFICATE

| | | |
|---|---|---|
| Project | : | **ONGC PETRO ADDITIONS LTD.** Dahej, Gujarat, India. |
| PMC | : | **ENGINEERS INDIA LIMITED** |
| Name of Work | : | **Demountable Flare system** |
| Scope of Work | : | **Engineering, Procurement, Erection and commissioning** |
| Installation Details | : | **Derrick Structure          - 110 Meters Height** |

Flare stack of 120 Meters Height for the following services

| | | |
|---|---|---|
| **DFCU + AU  FLARE, 80" NB** | - | **01 NO** |
| **POLYMERIC FLARE, 54" NB** | - | **01 NO** |

This is to mention that **M/s. ZEECO INC, USA & M/s ZEECO INDIA Pvt LTD.** Mumbai as EPC contractor has designed and installed De-mountable Flare system for **OPAL** with following:

- ➢ Contract through M/s. Fernas Construction India Pvt ltd
  **LOI No: FCIPL/PRC/EPC-01/OPAL/LOI 239 – 240, Dated: 04.07.2012.**
  **PO No: 43000868 Dtd: 04.07.12 – US Supply Portion**
  **PO No: 43000866 Dtd: 04.07.12 – Indigenous Supply Portion**
  **PO No: 43000648 Dtd: 04.07.16 – Erection & Commissioning Portion**

- ➢ As per Design Engineering package. Specifications, codes, standards and approved drawings.

**Certified that the above work for the two flare stacks has been mechanically completed and commissioned successfully in all respects on 28.04.2016 and has been taken over for operations.**

For OPAL

A. K. MISHRA
Resident Construction Manager.
ONGC Petro additions Limited.
Dahej.

Date:

# EXHIBIT

# 3

**DISTRICT COURT**
**F I L E D**

OCT 28 2016

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

Zeeco, Inc. an Oklahoma Corporation,

                         Plaintiff,

v.

JP Morgan Chase Bank, NA

                         Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. **CV-2016-01440**

REBECCA NIGHTINGALE

## TEMPORARY RESTRAINING ORDER

NOW on this 26 of October, 2016 this matter comes on before on Plaintiff Zeeco, Inc.'s

Motion for Ex Parte Temporary Restraining Order,

THE COURT HERBY FINDS;

It clearly appears from specific facts shown by the verified Petition that immediate and

irreparable injury, loss, and/or damage will result to the Plaintiff Zeeco before the Defendant or

their attorney(s) can be heard in opposition to Plaintiff/ Petitioner's Motion.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Defendant JP

Morgan is Restrained from transferring or paying Fernas Construction India Pvt Ltd.

Done this 26 day of October , 2016 at 4:59 pm.



_____
Judge of the District Court

SALLY HOWE SMITH
COURT CLERK
2016 OCT 26  PH 5:00

Prepared by

Whitney M. Eschenheimer, OBA No. 17025
Two Warren Place
6120 South Yale Avenue, Suite 500
Tulsa, Oklahoma 74136
Phone: (918) 584-6644
Direct: (918) 382-4320
Fax: (888) 789-0940

# EXHIBIT

# 4

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

ZEECO, INC., an Oklahoma corporation, )
)
Plaintiff, )
)
vs. )           Case No. CV-2016-01440
)           Judge Rebecca Nightingale
JPMORGAN CHASE BANK, NA, )
)
Defendant. )

AFFIDAVIT OF JOHN MCDERMOTT

I, John McDermott, after first having been duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

1.   I am the Chief Financial Officer of Zeeco, Inc., 22151 East 91st Street, Broken Arrow, Oklahoma, 74014, U.S.A. ("Zeeco"), and have served in this role for more than ten years.

2.   On October 26, 2016, I provided an affidavit for the Verified Petition for Injunctive Relief filed with the District Court of Tulsa County, State of Oklahoma, Case No. CV-2016-01440. I have personal knowledge of the facts contained within that affidavit and confirm that the facts within that affidavit are within my personal knowledge.

3.   I have reviewed the Amended Verified Petition and Request for Restitution and as Chief Financial Officer of Zeeco, Inc., confirm that the facts contained within that Petition are true and correct and to the best of my knowledge and belief.

Dated:  June _20_, 2017

_____
John McDermott, CFO
Zeeco Inc.

STATE OF OKLAHOMA )
) SS.
COUNTY OF TULSA )

This Affidavit was acknowledged before me on June _20_, 2017, by John McDermott as the Chief Financial Officer of Zeeco, Inc., an Oklahoma corporation.

_____
Notary Public

MANDY R. DAREING
Notary Public
State of Oklahoma
Commission # 14007973
My Commission Expires Sep 8, 2018

**Exhibit 15**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

JUN 2 0 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ZEECO, INC., an Oklahoma corporation,)
)
　　　　　　　Plaintiff,　　　　　　　)
)
vs.　　　　　　　　　　　　　　　　)
)
JPMORGAN CHASE BANK, NA,　　　)
)
　　　　　　　Defendant.　　　　　　)

Case No. CV-2016-01440
Judge Rebecca Brett Nightingale

## APPLICATION FOR CIVIL INDIRECT CONTEMPT CITATION AGAINST JPMORGAN CHASE BANK, NA, AND AUTHORITIES IN SUPPORT

Zeeco, Inc. ("Zeeco"), Plaintiff herein, by and through its counsel, James P. McCann, of McDonald, McCann, Metcalf & Carwile, LLP, hereby requests that the Court determine an Indirect Contempt of Court by JPMorgan Chase Bank, NA ("JPMorgan"), for willful disobedience of a Temporary Restraining Order issued by this Court, which willful disobedience resulted in significant harm to Plaintiff Zeeco. In support of this application, Zeeco Incorporates herein by reference all of the verified facts contained in both its original Verified Petition and its First Amended Verified Petition and Request for Restitution ("Amended Verified Petition") filed contemporaneously herewith and, in addition thereto, alleges and states as follows:

## INTRODUCTION

1.　　On October 26, 2016, Zeeco filed an action for injunctive relief to avoid irreparable harm after learning that JPMorgan intended to honor fraudulent demands for payment under multiple bank guarantees ("Bank Guarantees") issued by JPMorgan to Fernas Construction India Pvt Ltd ("Fernas") in conjunction with a construction project in India.

2.　　On October 26, 2016, at 4:59 p.m. (Central Daylight Time, "CDT"), in response

1

to Zeeco's Motion for Emergency Injunctive Relief, this Court entered a Temporary Restraining Order ("Order") in which this Court found that it clearly appeared from specific facts shown in the Verified Petition that an immediate and irreparable injury, loss, and/or damage would result to Zeeco before JPMorgan could be heard in opposition of the Motion. Accordingly, the Order restrained JPMorgan from paying Fernas. JPMorgan timely received notice of the Order, discussed the Order internally, and then decided to ignore and willfully violate the Order by paying Fernas all of the money demanded by Fernas under the Bank Guarantee amounting to in excess of $1,500,000.00. JPMorgan also withdrew the same amount from Zeeco's bank account as reimbursement to JPMorgan for payment of the Bank Guarantees.

## MATERIAL FACTS

3.     The original Verified Petition and the Amended Verified Petition, filed contemporaneously herewith, detail, in very specific fashion, the acts of JPMorgan before and subsequent to the issuance of the Order which clearly indicate both JPMorgan's knowledge and notice of the Order prior to payment of the Bank Guarantees, in addition to, without limitation, the following actions;

    a.     Zeeco's general counsel notified JPMorgan of the fraudulent nature of the claims being submitted by Fernas when it contacted JPMorgan's in-house counsel and provided evidence that the India construction project had been completed, obviating the need for any payment of claims to Fernas.

    b.     Once the Order was entered by this Court, Zeeco's counsel provided JPMorgan's counsel a copy of the Order within less than an hour after it's issuance and further advised that a similar lawsuit was to be filed in Mumbai, India, when the Court opened in a few hours with the expectation that a similar restraining order would be issued by the Indian Court.

    c.     Several hours after the issuance of the Order, the President of Zeeco (Mr. Darton Zink) dispatched an email to a number of officers of JPMorgan in Mumbai, India, as well as copies to other JPMorgan representatives, advising that the Chief Executive Officer of Fernas had confirmed with Mr. Zink

2

that Fernas had issued a letter to JPMorgan withdrawing its payment demand on the Bank Guarantees and that the Fernas CEO was in on the process of contacting Fernas India personnel to confirm his letter had been delivered to JPMorgan. The President of Zeeco also provided to the representative of the Mumbai, India office of JPMorgan a copy of the Tulsa Order.

        d.    By 9:00 a.m. on October 27, 2016 (India time), an action had, in fact, been filed in Mumbai, India, seeking restraint of the same sort that was the subject of the Order. A High Court of India in Mumbai scheduled a hearing for 9:00 a.m. on October 27, 2016. However, after Zeeco's counsel appeared in India that morning for the 9:00 a.m. hearing the Court rescheduled the hearing to 1:00 p.m. Mumbai time so that JPMorgan could appear before the Court with its counsel.

        e.    At some time shortly after the filing of the action in Mumbai, India, on information and belief, Zeeco was informed that JPMorgan officers and counsel located in India, Chicago, and Tulsa engaged in a phone conference to discuss how they would respond to the Order issued by this Court and whether payment should be made to Fernas notwithstanding the Order.

        f.    Prior to the Court hearing in a High Court of India that had been rescheduled for 1:00 p.m. on October 27, 2016, JPMorgan decided to violate the Order by paying all of the Fernas demands under the Bank Guarantees, which action was accomplished not later than October 27, 2016, at 12:20 p.m., Mumbai time, just 40 minutes before the scheduled 1:00 p.m. hearing;

        g.    At the Temporary Restraining Order hearing in India rescheduled at 1:00 p.m., an attorney for JPMorgan appeared and advised the Judge that the funds had already been transferred, rendering the India action for a temporary restraining order moot.

        h.    As a result of the payment of the Bank Guarantees to Fernas by JPMorgan in Mumbai, India, JPMorgan reimbursed itself for the payments made to Fernas by debiting Zeeco's bank account with JPMorgan, for which action JPMorgan later apologized to Zeeco.

See Amended Verified Petition, paragraphs 25 through 31, inclusive.

    4.    The actions of JPMorgan in paying the Bank Guarantees to Fernas and reimbursing itself from Zeeco's account for the amount of those payments, represents willful misconduct and disobedience of this Court's Order with full knowledge that the Order had been issued; the timely communication of the Order to JPMorgan; notice to JPMorgan that Fernas

intended to withdraw its payment demand; notice of the pending Court hearing in Mumbai about which JPMorgan was informed; JPMorgan's decision to willfully violate the Order following the lengthy internal discussions among bank counsel and officers; payment of the demands under the Bank Guarantees literally minutes before the Mumbai hearing; and the reimbursement of these payments from Zeeco's account without Zeeco's permission, thus fully demonstrating the conscious, willful misconduct of JPMorgan.

5.   The actions of JPMorgan described above and in the Verified Petition and the Amended Verified Petition, in contravention of the Order, were not only in contravention of the Order but form the basis for an indirect contempt action.

6.   Pursuant to the provisions of Okla. Stat. tit. 21, § 565, an indirect contempt of Court "shall consist of willful disobedience of any process or order lawfully issued or made by court; resistance willfully offered by any person to the execution of the lawful order or process of court." In this case, the willful disobedience of the Order issued by this Court constitutes a civil indirect contempt of the Court's Order and process. Further, under the applicable statutes, a "person" includes corporations as well as natural persons. See, Okla. Stat. tit. 21, § 105. As a result of the willful disobedience of the Court's Order, this Court should issue an Indirect Contempt Citation to the Defendant JPMorgan requiring JPMorgan to appear before the Court to show good cause why it should not be held in indirect contempt of Court at a time to be set by the Court and noticed to JPMorgan by service of an Order requiring JPMorgan to appear before the Court for this indirect contempt, as reflected by an Order to be entered, which proposed Order is submitted contemporaneously herewith.

7.   Further, pursuant to the provisions of Okla. Stat. tit. 12, § 1390, this Court should

order immediate restitution by JPMorgan to Zeeco as a result of the willful disobedience of Court's Order and award such other and further relief which the Court deems appropriate.

WHEREFORE, Zeeco respectfully requests that the Court enter the attached Order setting a date and time for JPMorgan to appear and show cause, if any there be, why it should not be held in indirect civil contempt of Court and to set a future hearing thereafter for trial of the civil indirect contempt.   Further, following a trial, JPMorgan should be required to provide restitution for all the detriment proximately caused by its willful misconduct in failing to comply with the Court's Order.

_____
James P. McCann, OBA No. 5865
McDONALD, MCCANN, METCALF & CARWILE, L.L.P.
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3702 – telephone
(918) 430-3770 – facsimile
jmccann@mmmsk.com

## CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the **26TH** day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile:  (918) 586-5474

5

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile:  (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

James P. McCann

6

**Exhibit 16**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

ZEECO, INC., an Oklahoma corporation,)

        Plaintiff,  )

vs.  )  Case No. CV-2016-01440
  )  Judge Rebecca Brett Nightingale
JPMORGAN CHASE BANK, NA,  )

  )

        Defendant.  )

*DISTRICT COURT*
*FILED*
*JUN 20 2017*
*DON NEWBERRY, Court Clerk*
*STATE OF OKLA. TULSA COUNTY*

## ORDER DIRECTING DEFENDANT, JPMORGAN CHASE BANK, NA, TO APPEAR FOR PROCEEDINGS FOR INDIRECT CONTEMPT OF THIS COURT'S TEMPORARY RESTRAINING ORDER

Upon Application of the Plaintiff, Zeeco, Inc., for a civil indirect contempt citation against JPMorgan Chase Bank, NA, and authorities in support, and the Court, having considered the Application and authorities cited therein, as well as the Verified Petition filed on October 26, 2016, and the Amended Verified Petition and Request for Restitution, filed June 19, 2017, and for good cause shown, enters the following Orders;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that JPMorgan Chase Bank, NA, is ordered to show cause why this Court should not issue an indirect contempt order for the actions alleged in the Application and incorporated pleadings, on the 18th day of July, 2017, at 11:00 o'clock, a.m., at which time the Court will set an appropriate Scheduling Order for the expedited handling of the Application for Civil Indirect Contempt Citation against JPMorgan Chase Bank, NA, as requested by Zeeco, Inc.

HEREOF FAIL NOT UNDER PENALTY OF LAW.

DATED this 20 day of June, 2017.

*Rebecca Brett Nightingale*
_____
Honorable Rebecca Brett Nightingale
Judge of the District Court

Order submitted by:

James P. McCann, OBA No. 5865
McDONALD, McCANN, METCALF & CARWILE, L.L.P.
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3702 – telephone
(918) 430-3770 – facsimile
jmccann@mmmsk.com
*Attorneys for Plaintiff, Zeeco, Inc.*

## CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the __20__ day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile: (918) 586-5474

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile: (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

James P. McCann

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

JUN 2 0 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ZEECO, INC., an Oklahoma corporation,)
)
Plaintiff, )
)
vs. )
)
JPMORGAN CHASE BANK, NA, )
)
Defendant. )

Case No. CV-2016-01440
Judge Rebecca Brett Nightingale

## APPLICATION FOR CIVIL INDIRECT CONTEMPT CITATION AGAINST JPMORGAN CHASE BANK, NA, AND AUTHORITIES IN SUPPORT

Zeeco, Inc. ("Zeeco"), Plaintiff herein, by and through its counsel, James P. McCann, of McDonald, McCann, Metcalf & Carwile, LLP, hereby requests that the Court determine an Indirect Contempt of Court by JPMorgan Chase Bank, NA ("JPMorgan"), for willful disobedience of a Temporary Restraining Order issued by this Court, which willful disobedience resulted in significant harm to Plaintiff Zeeco. In support of this application, Zeeco Incorporates herein by reference all of the verified facts contained in both its original Verified Petition and its First Amended Verified Petition and Request for Restitution ("Amended Verified Petition") filed contemporaneously herewith and, in addition thereto, alleges and states as follows:

## INTRODUCTION

1.     On October 26, 2016, Zeeco filed an action for injunctive relief to avoid irreparable harm after learning that JPMorgan intended to honor fraudulent demands for payment under multiple bank guarantees ("Bank Guarantees") issued by JPMorgan to Fernas Construction India Pvt Ltd ("Fernas") in conjunction with a construction project in India.

2.     On October 26, 2016, at 4:59 p.m. (Central Daylight Time, "CDT"), in response

1

to Zeeco's Motion for Emergency Injunctive Relief, this Court entered a Temporary Restraining Order ("Order") in which this Court found that it clearly appeared from specific facts shown in the Verified Petition that an immediate and irreparable injury, loss, and/or damage would result to Zeeco before JPMorgan could be heard in opposition of the Motion. Accordingly, the Order restrained JPMorgan from paying Fernas. JPMorgan timely received notice of the Order, discussed the Order internally, and then decided to ignore and willfully violate the Order by paying Fernas all of the money demanded by Fernas under the Bank Guarantee amounting to in excess of $1,500,000.00. JPMorgan also withdrew the same amount from Zeeco's bank account as reimbursement to JPMorgan for payment of the Bank Guarantees.

### MATERIAL FACTS

3.     The original Verified Petition and the Amended Verified Petition, filed contemporaneously herewith, detail, in very specific fashion, the acts of JPMorgan before and subsequent to the issuance of the Order which clearly indicate both JPMorgan's knowledge and notice of the Order prior to payment of the Bank Guarantees, in addition to, without limitation, the following actions;

   a.     Zeeco's general counsel notified JPMorgan of the fraudulent nature of the claims being submitted by Fernas when it contacted JPMorgan's in-house counsel and provided evidence that the India construction project had been completed, obviating the need for any payment of claims to Fernas.

   b.     Once the Order was entered by this Court, Zeeco's counsel provided JPMorgan's counsel a copy of the Order within less than an hour after it's issuance and further advised that a similar lawsuit was to be filed in Mumbai, India, when the Court opened in a few hours with the expectation that a similar restraining order would be issued by the Indian Court.

   c.     Several hours after the issuance of the Order, the President of Zeeco (Mr. Darton Zink) dispatched an email to a number of officers of JPMorgan in Mumbai, India, as well as copies to other JPMorgan representatives, advising that the Chief Executive Officer of Fernas had confirmed with Mr. Zink

that Fernas had issued a letter to JPMorgan withdrawing its payment demand on the Bank Guarantees and that the Fernas CEO was in on the process of contacting Fernas India personnel to confirm his letter had been delivered to JPMorgan. The President of Zeeco also provided to the representative of the Mumbai, India office of JPMorgan a copy of the Tulsa Order.

        d.     By 9:00 a.m. on October 27, 2016 (India time), an action had, in fact, been filed in Mumbai, India, seeking restraint of the same sort that was the subject of the Order. A High Court of India in Mumbai scheduled a hearing for 9:00 a.m. on October 27, 2016. However, after Zeeco's counsel appeared in India that morning for the 9:00 a.m. hearing the Court rescheduled the hearing to 1:00 p.m. Mumbai time so that JPMorgan could appear before the Court with its counsel.

        e.     At some time shortly after the filing of the action in Mumbai, India, on information and belief, Zeeco was informed that JPMorgan officers and counsel located in India, Chicago, and Tulsa engaged in a phone conference to discuss how they would respond to the Order issued by this Court and whether payment should be made to Fernas notwithstanding the Order.

        f.     Prior to the Court hearing in a High Court of India that had been rescheduled for 1:00 p.m. on October 27, 2016, JPMorgan decided to violate the Order by paying all of the Fernas demands under the Bank Guarantees, which action was accomplished not later than October 27, 2016, at 12:20 p.m., Mumbai time, just 40 minutes before the scheduled 1:00 p.m. hearing.

        g.     At the Temporary Restraining Order hearing in India rescheduled at 1:00 p.m., an attorney for JPMorgan appeared and advised the Judge that the funds had already been transferred, rendering the India action for a temporary restraining order moot.

        h.     As a result of the payment of the Bank Guarantees to Fernas by JPMorgan in Mumbai, India, JPMorgan reimbursed itself for the payments made to Fernas by debiting Zeeco's bank account with JPMorgan, for which action JPMorgan later apologized to Zeeco.

See Amended Verified Petition, paragraphs 25 through 31, inclusive.

     4.     The actions of JPMorgan in paying the Bank Guarantees to Fernas and reimbursing itself from Zeeco's account for the amount of those payments, represents willful misconduct and disobedience of this Court's Order with full knowledge that the Order had been issued; the timely communication of the Order to JPMorgan; notice to JPMorgan that Fernas

intended to withdraw its payment demand; notice of the pending Court hearing in Mumbai about which JPMorgan was informed; JPMorgan's decision to willfully violate the Order following the lengthy internal discussions among bank counsel and officers; payment of the demands under the Bank Guarantees literally minutes before the Mumbai hearing; and the reimbursement of these payments from Zeeco's account without Zeeco's permission, thus fully demonstrating the conscious, willful misconduct of JPMorgan.

5.    The actions of JPMorgan described above and in the Verified Petition and the Amended Verified Petition, in contravention of the Order, were not only in contravention of the Order but form the basis for an indirect contempt action.

6.    Pursuant to the provisions of Okla. Stat. tit. 21, § 565, an indirect contempt of Court "shall consist of willful disobedience of any process or order lawfully issued or made by court; resistance willfully offered by any person to the execution of the lawful order or process of court." In this case, the willful disobedience of the Order issued by this Court constitutes a civil indirect contempt of the Court's Order and process. Further, under the applicable statutes, a "person" includes corporations as well as natural persons. See, Okla. Stat. tit. 21, § 105. As a result of the willful disobedience of the Court's Order, this Court should issue an Indirect Contempt Citation to the Defendant JPMorgan requiring JPMorgan to appear before the Court to show good cause why it should not be held in indirect contempt of Court at a time to be set by the Court and noticed to JPMorgan by service of an Order requiring JPMorgan to appear before the Court for this indirect contempt, as reflected by an Order to be entered, which proposed Order is submitted contemporaneously herewith.

7.    Further, pursuant to the provisions of Okla. Stat. tit. 12, § 1390, this Court should

4

order immediate restitution by JPMorgan to Zeeco as a result of the willful disobedience of Court's Order and award such other and further relief which the Court deems appropriate.

WHEREFORE, Zeeco respectfully requests that the Court enter the attached Order setting a date and time for JPMorgan to appear and show cause, if any there be, why it should not be held in indirect civil contempt of Court and to set a future hearing thereafter for trial of the civil indirect contempt.   Further, following a trial, JPMorgan should be required to provide restitution for all the detriment proximately caused by its willful misconduct in failing to comply with the Court's Order.

James P. McCann, OBA No. 5865
MCDONALD, MCCANN, METCALF & CARWILE, L.L.P.
First Place Tower
15 East Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3702 – telephone
(918) 430-3770 – facsimile
jmccann@mmmsk.com

### CERTIFICATE OF MAILING, DELIVERY, AND FACSIMILE

I hereby certify that on the 26th day of June, 2017, a true and correct copy of the above and foregoing instrument was mailed with sufficient postage thereon fully prepaid, hand delivered to the JPMorgan Tulsa office and sent via facsimile, to the following:

JPMorgan Chase Bank, NA, c/o:

Agent, Kristin Bohanan
110 West 7TH Street, 17TH Floor
Tulsa, Oklahoma 74119
Facsimile:  (918) 586-5474

5

Agent, JPMorgan Loan Services
10 South Dearborn, 19TH Floor
Chicago, Illinois 60603-001
Facsimile:  (312) 954-2281 and (918) 586-5474

c/o Service Agent
CT CORPORATION SYSTEM
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

James P. McCann

6